erned the jury in their decision.   We do not therefore reverse the judgment unconditionally.   But in view of our deliberate judgment as to the weight of the evidence on the subject of the damages, we shall affirm the judgment only on a further remittitur of two thousand dollars and interest on two thousand dollars from the date of the judgment, leaving the judgment at four thousand dollars with interest from its date. If the appellee remits within ten days to that amount, the judgment will be affirmed on both appeals. Otherwise it will be reversed and the cause remanded. *Affirmed if a remittitur to four thousand dollars and interest from the date of the judgment is filed within ten days; otherwise reversed and remanded.*

Mr. JUSTICE SMITH dissents.

Joseph F. Marcinkevich, Defendant in Error, v. Jason L. Wilson, Plaintiff in Error.

### Gen. No. 17,587.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.   Heard in this court at the October term, 1911.   Affirmed.   Opinion filed November 3, 1913.

### Statement of the Case.

Action by Joseph F. Marcinkevich against George T. Wilson and Jason L. Wilson for broker's commissions. Case dismissed as to George T. Wilson and from a judgment for $264.50, defendant brings error.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS for plaintiff in error; BURRELL J. CRAMER, of counsel.

BRADY & RUTLEDGE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 11*—*one defendant may be dismissed after verdict rendered.* Where a verdict is rendered against two defendants in an action for services rendered, the Practice Act, § 39, J. &. A. ¶ 8576, permits a dismissal as to one defendant and the entering of a judgment against the other.

2. BROKERS, § 28*—*when unlicensed broker may recover.* A person not a real estate broker under the meaning of Chicago Municipal Code may recover commissions without having had a broker's license.

3. BROKERS, § 88*—*when evidence is sufficient for commissions.* In an action to recover commissions for the sale of property, evidence *held* sufficient to sustain a judgment for plaintiff.

---

## The City of Chicago, Defendant in Error, v. Thomas Confare, Plaintiff in Error.

### Gen. No. 18,064.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 3, 1913.

## Statement of the Case.

Complaint by the City of Chicago against Thomas Confare for making, aiding, countenancing and assisting in making an improper noise, riot, disturbance, breach of the peace and diversion tending to a breach of the peace in violation of the Chicago Code of 1911, § 2012. From a finding and judgment of conviction by the court, a jury having been waived, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.