personal representative of the deceased. *Heubner v. Metropolitan Life Ins. Co.*, 146 Ill. App. 282; *U. S. Life Ins. Co. v. Ludwig*, 103 Ill. 305; *Massachusetts Mut. Life Ins. Co. v. Robinson*, 98 Ill. 324; *Wright v. Vermont Life Ins. Co.*, 164 Mass. 302; *Bailey v. New England Mut. Life Ins. Co.*, 114 Mass. 177. A large number of cases has been cited touching the question as to whether there must be a return of premiums as a condition precedent to defending against the validity of a policy void *ab initio*. We do not feel called upon to express an opinion on this point, as it is not directly involved in or necessary to a decision in this case, and for the further reason that the defendant, according to statements of its counsel in its briefs, does not claim the premiums in this case and is ready to return them to the person authorized to receive them.

The defendant should have been permitted to make its defense, and the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

**William C. Gibons, Defendant in Error, v. Williams, Monicer & Company, Plaintiff in Error.**

**Gen. No. 20,541.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

## Statement of the Case.

Action by William C. Gibons against Williams, Monicer & Company, a corporation, on a verbal contract for services rendered in negotiating a real estate transaction.

Defendant, while admitting that the services were rendered, denied that it had agreed to pay the amount claimed by plaintiff.

To reverse a judgment on the verdict of the jury for two hundred and fifty dollars, defendant prosecutes this writ of error.

HARRY B. MILLER, for plaintiff in error.

WILLIAM C. GIBONS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 92*—*when finding of jury as to amount due for services rendered not disturbed.* Where in an action for services rendered in negotiating the sale of realty, the rendering of the services is not disputed, but only the amount agreed to be paid therefor, and there is evidence tending to corroborate plaintiff's testimony as to the amount, the verdict will not be disturbed.

2. BROKERS, § 5*—*when want of license not defense in action for services in negotiating real estate transaction.* Where an action is brought on a promise to pay for services rendered for negotiating a real estate transaction, the fact that plaintiff is not a licensed broker is no defense.

3. APPEAL AND ERROR, § 1034*—the Appellate Court will not take judicial notice of city ordinances.

---

Herbert L. Joseph & Company, Defendant in Error, v. Sidney E. Levy, Plaintiff in Error.

Gen. No. 20,578. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.