## Nathan M. Gross, Appellant, v. Albert L. Strauss, Appellee.

### Gen. No. 23,162.

BROKERS, § 5*—*what is effect of lack of broker's license on right of recovery of share of commissions from broker.* The fact that the plaintiff, in an action in the Municipal Court of Chicago, against a real estate broker to recover on a promise alleged to have been made by defendant to pay him one-half of the commissions received by defendant from customers secured by plaintiff, is not the holder of a broker's license from the City of Chicago does not preclude him from recovering.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed November 30, 1917.

CHARLES W. STIEFEL and HARRY L. BRIN, for appellant.

SIMEON STRAUS and IRA E. STRAUS, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Nathan M. Gross brought suit against Albert L. Strauss to recover $1,500. At the close of the plaintiff's evidence, the court, on motion of the defendant, instructed the jury to find for the plaintiff for $250. A verdict was returned and judgment entered accordingly, to reverse which plaintiff prosecutes this appeal.

The record discloses that plaintiff had been in the employ of the defendant on a salary and occupied a part of defendant's offices, and that defendant was engaged in the real estate and loan business. Plaintiff testified that he entered into an oral agreement with the defendant whereby defendant agreed to pay him one-half of the commissions on any business that he might bring to the defendant; that in accordance with the agreement plaintiff solicited business and introduced to the defendant a customer who was seeking to borrow money on certain real estate; that the defendant thereupon negotiated a loan with the customer for which the defendant received a commission of $3,000.

Plaintiff further testified that he was a real estate broker engaged in that business and was seeking to recover one-half of the $3,000; that he had not obtained a broker's license from the City of Chicago.

The defendant contends that, as plaintiff admits that he was a real estate broker and operating as such without a license, he cannot recover. To this conten-

tion it is sufficient to say that plaintiff here is not seeking to recover a broker's commission, but his suit is based upon a promise made by the defendant to pay him one-half of the commissions received by the defendant from customers secured by the plaintiff. In the instant case, plaintiff was acting in the nature of a solicitor for business. Plaintiff did not make the loan; this was done by the defendant. Plaintiff merely found a customer for the defendant, and if his version of the contract is true, which we must assume on this record, he would be entitled to recover the amount of his claim. *Gibons v. Williams, Monicer & Co.,* 191 Ill. App. 594.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*