(No. 16817.—Reversed and remanded.)
VERNER KALL, Defendant in Error, *vs.* THE W. G. BLOCK COMPANY, Plaintiff in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 3, 1926.*

DEBTOR AND CREDITOR—*acceptance of check "to date in full" bars further recovery on disputed claim.*  Where there is a *bona fide* dispute between a debtor and a creditor as to how much is due, a payment of the amount claimed by the debtor to be due, if accepted by the creditor in full settlement, is a satisfaction of the claim, whether or not the amount is accepted under protest; and where an employee accepts and cashes a check which recites that it is for "labor to date in full," he is barred from recovering a further sum upon the disputed claim that his employer's agent had agreed to pay him more.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. CHARLES J. SEARLE, Judge, presiding.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, (THOMAS P. SINNETT, and J. J. NEIGER, of counsel,) for plaintiff in error.

FRANCIS C. KING, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Verner Kall, began an action of assumpsit in the circuit court of Rock Island county against plaintiff in error, the W. G. Block Company, for wages alleged to be due him.  The declaration consisted of the common counts.  Plaintiff in error filed the general issue, together with an affidavit of defense which alleged that defendant in error had been paid in full and that there had been an accord and satisfaction.  A jury trial was had.  The court refused to instruct the jury to find the issues for the company and the trial resulted in a verdict for defendant

in error for $1253.50, and judgment was entered upon the
verdict, from which judgment an appeal was prosecuted to
the Appellate Court for the Second District, where the judg-
ment of the circuit court was affirmed.  To review the judg-
ment of the Appellate Court a writ of *certiorari* has been
granted by this court.

Plaintiff in error was engaged in the retail coal business,
having several offices, one of which was in Moline, in charge
of H. B. Zefferin as manager.  The head office was in Mus-
catine, Iowa.  Defendant in error was employed by plain-
tiff in error as a yard foreman, at an average wage of about
$30 per week.  He testified that on May 1, 1919, he had a
conversation with Zefferin in which Zefferin told him that
if he would continue in its employment plaintiff in error
would pay him fifty cents per hour; that he would be paid
during the year at the rate of $30 per week, and the dif-
ference between the $30 per week and the amount which
he should receive at the rate of fifty cents per hour would
be paid to him at the end of each year.  This conversation
was denied by Zefferin.  Defendant in error testified that
plaintiff in error owed him, by reason of such contract,
$1523.50 over and above the regular wages which had been
paid him during the period of his employment.  Defendant
in error continued in the employment of plaintiff in error
from May 1, 1919, until March 7, 1923, when he was dis-
charged.  After his discharge he wrote a letter to plaintiff
in error at Muscatine making a demand for $1523.50, be-
ing the difference between what he was paid and what he
claimed he had earned.  Fred Block went to Moline and
had a talk with defendant in error and Zefferin.  Block
asked defendant in error what this letter meant, and de-
fendant in error said that he had about $1500 coming for
back wages.  Zefferin said defendant in error had only the
fractional part of a week's payment coming to him, amount-
ing to about $10, and he denied that he had ever had a con-
versation with defendant in error with reference to fifty

cents per hour. Block told Zefferin to give defendant in error a check in full. Zefferin wrote a check for $10.80 and made out a receipt, which was signed by defendant in error in the presence of Block, Zefferin and two other witnesses. The check was endorsed by defendant in error and cashed and contained the words, "Labor to date in full." The receipt given by defendant in error contained the words, "Salary for labor to date."

The above facts are undisputed, the only dispute in the evidence being as to the amount due defendant in error from plaintiff in error for "labor to date." The particular contention of plaintiff in error is, that the receipt by defendant in error of the check, his cashing the same and his signing the receipt constitute an accord and satisfaction and are a bar to this suit.

Where there is a *bona fide* dispute between a debtor and a creditor as to how much is due, a payment of the amount claimed by the debtor to be due in full settlement, if accepted by the creditor, is a satisfaction of the claim. (*Snow v. Griesheimer,* 220 Ill. 106; *In re Estate of Cunningham,* 311 id. 311.) It makes no difference that the creditor protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim. The creditor must either accept what is offered with the condition with which it is offered, or refuse it. (*Canton Union Coal Co. v. Parlin & Orendorff Co.* 215 Ill. 244; *In re Estate of Cunningham, supra.*) The undisputed evidence in the case shows that there was a *bona fide* dispute between the parties as to how much there was due from plaintiff in error to defendant in error for wages for "labor to date." Whatever amount plaintiff in error owed defendant in error, it was a balance due him for "labor to date." The only claim that defendant in error had against plaintiff in error was for "labor to date." When he accepted the check for $10.80, containing the words "Labor to date in full" and cashed the same, this was in law a full satisfaction

of his claim for "labor to date," and the fact that the settlement was made on the wrong basis, or that defendant in error received in settlement an amount considerably less than he could have recovered, if such be the fact, or that he was ignorant of the legal rules governing such settlement, is not a sufficient reason for disregarding the settlement by him with full knowledge of the facts. (*Janci* v. *Cerny,* 287 Ill. 359.) Under the rule laid down in the authorities, from the undisputed facts in this case it is clear that the receipt and cashing of the check in question by defendant in error operated as a discharge of plaintiff in error from further liability to defendant in error on account of "labor to date," and the circuit court erred in refusing to instruct the jury to find the issues for plaintiff in error and rendering judgment for defendant in error and the Appellate Court erred in affirming the same.

The judgments of the Appellate Court for the Second District and of the circuit court are reversed and the cause remanded to the circuit court. *Reversed and remanded.*

Mr. JUSTICE THOMPSON, dissenting:

Within its expressed limitations there is no question of the soundness and propriety of the rule that where a person owing an unliquidated and undetermined claim tenders a stated sum to be accepted as full payment and the claimant accepts such tender both parties are bound by the settlement. (*In re Estate of Cunningham, supra.*) But where the creditor has two claims against the same person, one undisputed and the other disputed, the acceptance of the payment of the undisputed claim cannot be held to be a settlement of both claims. The payment of the admitted claim furnishes no consideration for the accord, and there being no accord there cannot be a satisfaction. (*Barr* v. *Clinton Bridge Works,* 179 Iowa, 702, 161 N. W. 695.) It is difficult to perceive any sound distinction between the payment

of a part of a claim the whole of which is conceded, and the payment of the amount conceded to be due upon a claim the remainder of which is in dispute. Where one party yields everything and the other nothing, it is strange reasoning to hold that there is an agreement supported by a valuable consideration. There was in this case no controversy between the parties over the $10.80 paid. The controversy arose over a claim for overtime, the employer claiming there was no agreement to pay for overtime and the employee claiming there was an agreement to pay fifty cents an hour for all time over sixty hours a week. To hold the acceptance of wages admitted to be due to be an accord and satisfaction of a claim for overtime is to permit an employer to arbitrarily refuse to pay a just debt, admitted to be due, for the express purpose of exacting terms of the employee which upon their face are inequitable and oppressive. (*Ness* v. *Minnesota and Colorado Co.* (Minn.) 92 N. W. 333; *Mause* v. *Hossington*, 205 N. Y. 33, 98 N. E. 203.) An accord and satisfaction requires a new agreement and the performance thereof. There can be no accord and satisfaction unless something of legal value to which the creditor had no previous right has been received in full payment of a disputed claim. Where there is an agreement to accept a stated amount for a disputed claim the concession by each party is the consideration for the concession by the other. Believing this to be the law, I cannot agree that the acceptance by defendant in error of the $10.80 admitted to be due was a satisfaction of the disputed claim. Whether the judgment recovered by him is supported by the evidence is another question.