## Leon Jarusz, Appellee, v. Julius Namon, Appellant.

## Gen. No. 31,671.

BROKERS—*right of unlicensed salesman for broker to recover compensation from broker.* The right of a salesman for a real estate broker to recover compensation from the broker, based upon commissions received by the broker for an exchange effected by the salesman, is not affected by the fact that the salesman did not have a certificate of registration as a real estate salesman as required by statute.

Appeal by defendant from the Municipal Court of Chicago; the Hon. WILLIAM E. VINER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927.

JOHN C. LEWE and JOHN T. ZURIS, for appellant.

WILLIAM A. BITHER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover $325 claimed to be due him for services rendered by him as a real estate salesman for the defendant, who was a real estate broker. There was a trial before the court without a jury and a finding and judgment in favor of the plaintiff for the amount of his claim.

The record discloses that the defendant was engaged in the real estate business in Chicago and was licensed under the statute of this State to conduct such business;

that he employed plaintiff as a salesman, who was not licensed under the statute; that plaintiff succeeded in having the owners of two pieces of real estate in Chicago enter into an agreement for the exchange of their respective properties, and that for such services defendant received $650 as a commission.    There is further evidence to the effect that the contract between plaintiff and defendant was that where plaintiff succeeded in putting through a real estate deal for which the defendant was paid a commission, one-half of the commission should be paid to plaintiff by the defendant.    There is some conflict in the evidence as to whether the exchange of real estate involved, and as a result of which the defendant received the $650, was brought about by plaintiff.    Evidence on behalf of the plaintiff tended to show that his services resulted in earning the $650, while the evidence on behalf of the defandant was to the effect that the defendant had done practically all of the work and that the real estate transaction was consummated and the commission paid to the defendant as a result of the defendant's efforts. The court accepted plaintiff's version of the matter and entered judgment in his favor.

The defendant contends that the judgment is wrong and should be reversed because plaintiff, who was a real estate salesman, was engaged in that capacity without having a certificate of registration issued to him as the statute requires; that he was working in violation of the statute, and since the statute made it unlawful for a salesman to act as such in the real estate business, no recovery could be had in the instant case. We think that the law requiring a real estate salesman to obtain a certificate from the State authorities is not applicable here.    Plaintiff here is not seeking to recover a commission, but to recover compensation from his employer which was paid by the owners of the property to the defendant.    If plaintiff were bringing an action against the owners of the property to recover

commissions, then the statute would apply; but that is not the situation we have before us.

Somewhat similar questions were involved in the cases of *Gibons v. Williams, Monicer & Co.*, 191 Ill. App. 594; *Gross v. Strauss*, 208 Ill. App. 263, and *Simon v. Bollei*, 243 Ill. App. 629, in which cases it was held that a city ordinance requiring a real estate broker to be licensed did not apply where plaintiff, an employee of the defendant broker, was suing to recover his compensation, based upon the commission received by the broker.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*