## Frank W. Bicek, Appellant, v. William L. Royal, Appellee.

### Gen. Nos. 41,226, 41,272.

Opinion filed December 23, 1940.

SEYFARTH & ATWOOD, of Chicago, for appellant.

HUMMER, VAN NESS & YOWELL, of Chicago, for appellee; JOHN J. YOWELL, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

These appeals by plaintiff bring before this court for review an order and judgment entered February 16, 1940. Plaintiff sued on an alleged promise of defendant to pay for services rendered by plaintiff in

connection with the issuance of a life insurance policy issued to John F. Cuneo by the New York Life Insurance Company. Defendant denied the promise and as further defense set up that the promise was illegal and void as against public policy and certain ordinances of the city of Chicago.

There was a trial by jury, a motion at the close of all the evidence for an instruction in defendant's favor, which was denied, and a verdict for plaintiff in the sum of $2,784.38, on which the court the same day (November 1, 1939) entered judgment.

On that day, also, a motion for a new trial was made by defendant and continued from time to time until February 16, 1940, when the order appealed from was entered. The order recited that the cause was heard "on motion of the defendant for a new trial" and that "defendant's motion for a new trial herein is sustained, and judgment is now entered in favor of the defendant and against plaintiff notwithstanding the verdict of the jury," etc.

Plaintiff by leave of this court was permitted to appeal from the order as one granting a new trial (Smith-Hurd Ann. Stats., ch. 110, § 77, par. 201, p. 195 [Jones Ill. Stats. Ann. 104.077] ; Supreme Court Rule 259.30, p. 579). That appeal is Gen. No. 41,226. Later, plaintiff filed notice of appeal from the judgment. This appeal is Gen. No. 41,272. Since these are from the same order they will best be considered together.

The trial judge stated the reasons in his opinion justifying the entry of the order, which in brief were that the promise of defendant to share his commissions with plaintiff, an unlicensed broker, was unlawful and unenforcible by reason of §§ 3329, 3330, 3333, 3334 and 3335 of the Municipal Code of Chicago. The trial court recited, as the proof shows without contradiction, that plaintiff negotiated with defendant upon the basis that plaintiff was an insurance broker. In the first complaint filed, plaintiff alleged that he was duly

licensed and made the New York Life Insurance Company a party defendant. Plaintiff's letters in evidence also show he made his claim on that theory. There is no doubt that defendant and another broker received the commission and divided it. Plaintiff was not a licensed broker.

The sections of the ordinances above referred to in § 3329 define an insurance broker; § 3330 provides that the annual license fee for insurance brokers shall be $25; and § 3333 provides a penalty by way of a fine of not less than $5 nor more than $200 for each offense. It also provides that every day a violation of the article shall occur shall constitute a separate and distinct offense. Section 3334 provides, "No person licensed as an insurance broker, and no company, its agent or manager, shall pay any commission or other compensation to any person for negotiating contracts of insurance, other than to brokers licensed under this chapter." Section 3335 provides that any insurance broker violating the preceding section shall be subject to a fine of not less than $10 nor more than $200, and the revocation of his license for one year, and that any insurance company, its agent or manager, who violates the provisions of the article, where no other penalty is provided, shall be subject to a fine of not less than $10 nor more than $200. The validity of these ordinances is not questioned.

It has been held by the Supreme Court in the leading case of *Douthart v. Congdon,* 197 Ill. 349, that one performing services as a broker without a license contrary to an ordinance cannot recover for the services rendered. To the same effect is *Frankel v. Allied Mills,* 369 Ill. 578, the Supreme Court in its opinion reviewing practically all the authorities. In *Bairstow v. Northwestern University,* 287 Ill. App. 424, 427, it is held on the authority of *Douthart v. Congdon,* quoting the American and English Encyclopedia of Law, 2nd Ed., Vol. 4, p. 355:

"Where by the terms of the statute or city ordinance it is made illegal for a broker to exercise his business without a license, a broker cannot recover commissions for services rendered without such license."

Plaintiff cites *Gibons v. Williams, Monicer & Co.*, 191 Ill. App. 594; *Gross v. Strauss,* 208 Ill. App. 263; *Simon v. Bollei,* 243 Ill. App. 629 (Abst.), and *Jarusz v. Namon,* 245 Ill. App. 600, claiming these are analogous cases where judgments for the plaintiff were sustained by this court. These cases, it is true, hold that under the circumstances appearing in each of them, a third person unlicensed could recover from a licensed broker on his promise to pay for services rendered an amount equal to a certain part of commissions earned. However, no one of these cases involved the construction of an ordinance similar or equivalent to § 3334. This section expressly forbids any such payment by way of compensation by a person licensed or by any company, its agent or manager. We hold plaintiff is precluded by the plain language of this ordinance and that the language of the ordinance distinguishes this case from the cases relied on. The jury should have been directed to return a verdict for defendant since there was no material issue of fact.

Plaintiff, however, further contends the court erred in entering judgment notwithstanding the verdict and says the proceeding did not conform to § 68 (1) of the Civil Practice Act (Smith-Hurd Ann. Stats., ch. 110, par. 192, p. 681 [Jones Ill. Stats. Ann. 104.068]). Plaintiff says there was no motion for a judgment notwithstanding the verdict made within the 10 days prescribed by the statute. Plaintiff cites *Denny v. Goldblatt Bros., Inc.,* 298 Ill. App. 325, where it was contended that such a motion must be made before the entry of the judgment. This court there held that the motion could be made after as well as before the entry of the judgment "provided the requirements of the section are complied with." Plaintiff says in this case

there was no attempt by defendant to comply with the requirements of § 68, and argues that after the motion for a new trial was granted the necessary effect was to give plaintiff the right to a new trial by jury. The argument is over-technical. There were not two orders entered but one. Defendant made a motion for a new trial when the judgment for plaintiff was entered on the verdict. This was continued, and defendant in conformity with the statute filed a statement in writing of his reasons. These were seventeen in number. One was that the court erred in refusing the request of defendant at the close of the evidence for an instruction in defendant's favor; another that the court erred in denying defendant's motion for judgment in his favor on the pleadings, and another for denying defendant's motion for judgment notwithstanding the verdict.

The language of the order taken as a whole with the record leaves no doubt of the issue which was actually argued by counsel and considered and decided by the court. No other result could have been reached under the law, the pleadings and the facts. We will not reverse merely to compel a compliance with purely technical matters which can in no way affect the substantial justice. The judgment in both cases will be affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.