In the Matter of Jack W. Winston, Plaintiff-Appellee, v. Kaspar American State Bank, Defendant-Appellant, and Eli E. Fink, Intervenor-Appellant.

Gen. No. 48,645.

First District, Second Division.
June 12, 1962.
Rehearing denied September 11, 1962.

Alfred B. Teton, of Chicago, for defendant-appellant, and Eli E. Fink, Intervenor, pro se (Harry Golter, of counsel).

Sturman & Bloch, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This action was brought to recover judgment on a check for $10,000 drawn by C. Robert Lazarus payable to the order of plaintiff and certified by the defendant bank. The complaint alleged in substance that plaintiff is the payee of the $10,000 check dated August 31, 1956, which was delivered to plaintiff endorsed "Compensation in full on sale of 1400 Lake Shore Drive Corporation Stock"; that the check was certified at the maker's request; and that on June 30, 1960 plaintiff endorsed the check and presented it to defendant bank for payment, which payment was refused.

Defendant answered that the check was not presented for payment within a reasonable time after it was issued; that payment of the check was stopped; that defendant transferred to the Maryland Casualty Company the $10,000 which had been held against the certified check; and that the check was received by plaintiff in violation of the Municipal Code of Chicago.

A petition for leave to intervene was filed by Eli Fink alleging that the check was given to plaintiff as compensation for services rendered as a real estate broker in violation of a Chicago ordinance; that on May 7, 1957 when the maker learned that plaintiff was not licensed as a real estate broker under the Chicago ordinance, payment was stopped on the check and an indemnity bond was posted; and that on January 30, 1958 the maker assigned to the Intervenor one-half of all of the maker's interest in the $10,500

424

security deposit held by Maryland Casualty Company ($10,000 of this amount represents the funds held by the bank to pay the check).

Plaintiff moved to strike the answer and the petition to intervene, which motion was granted, and a judgment was entered in favor of plaintiff for $10,000.

Defendant and Intervenor asked leave to interplead the maker of the check, and asked leave to amend in order to show that the check was certified at the request of the maker; that a bona fide dispute existed between plaintiff and the maker at the time the check was delivered as to the amount of compensation allegedly due plaintiff from the maker for services as a real estate broker; that the check was conditionally delivered as full payment of the disputed claim; that instead of accepting payment of the check in accordance with its tenor, plaintiff filed suit against the maker for a full commission; that prior to June 30, 1960 when plaintiff endorsed the check and presented it for payment, the maker had demanded return of the check and that on or about March 13, 1958 plaintiff's attorneys were advised by defendant that payment had been stopped and furnished with a copy of the assignment given to the Intervenor by the maker.

The theories advanced by appellants are: (1) that the check was delivered conditionally and plaintiff's failure to accept the check in accordance with its tenor, prior to the time when payment was stopped and a demand made for the return of the check, bars plaintiff from recovering on the check; and (2) since the check was issued as compensation for services rendered by plaintiff as a real estate broker in Chicago, plaintiff's failure to have a license, as required by ordinance, is a complete defense to the action brought by plaintiff. Municipal Code of Chicago, §§ 113–23, 113–29.

425

Before reaching these two contentions we must decide initially whether payment on a certified check may ever be permitted to be stopped, since plaintiff-appellee's basic position is that payment on a certified check may not be stopped after the check has been delivered to the holder, regardless of whether the certification was obtained by the drawer or the holder. Plaintiff relies primarily on Kimball Trust & Savings Bank v. Olsen, 239 Ill App 609, and Bickford v. First National Bank, 42 Ill 238. There is strong dicta in the Kimball case to support plaintiff's contention, but the court in that case found that the payee procured certification and the drawee bank incurred an independent liability, and the narrow holding of the case is that the certifying bank was barred on its bill of interpleader, under the strict rules of interpleader then in force, since the certifying bank had incurred a liability on the check.

■■ We think that the language of the Kimball case should not be followed here because of the distinguishing facts which appellants emphasize, namely, that the Kimball case did not involve as this case does: (1) a conditional offer; (2) a check issued for an illegal consideration; and (3) a plaintiff who is not a holder in due course. Furthermore, the instant plaintiff attempted to collect a larger amount from the maker rather than accepting the check in accordance with its original tenor, and held the check for almost four years before attempting to negotiate it. It is clear that a certified check may be delivered conditionally. Kasperski v. Karaskiewicz, 192 Ill App 113.

■■ Accordingly, we hold that under the facts presented here the drawer of a check which has been certified at the drawer's request before delivery has the right to require the certifying bank to refuse payment, as against the payee who is not a holder in

due course. See 7 Am Jur, Banks, § 603; Sutter v. Security Trust Co., 96 NJ Eq 644, 126 A 435.

■ The check in question was conditionally delivered and plaintiff failed to accept it in accordance with its tenor. The uncontroverted facts in the pleadings support this argument, and it follows that the plaintiff's failure to accept and the maker's subsequent stop payment order revoked the check here in issue. Economy Fuse & Manufacturing Co. v. Standard Elec. Mfg. Co., 359 Ill 504, 194 NE 922; cf. Kall v. Block Co., 319 Ill 339, 150 NE 254.

■■ Appellants' second argument is also correct. Section 113–29 of the Municipal Code of Chicago states: "No person shall pay any commission or other compensation to any person for negotiating contracts of real estate other than to real estate brokers licensed under this chapter." It is undisputed that plaintiff was not licensed as required by ordinance. It has been held that it is illegal to pay a real estate broker, who does not have a Chicago broker's license, a commission for brokerage services rendered in the City of Chicago. Usher v. McGowan, 20 Ill App2d 201, 155 NE2d 830. A contract entered into by one acting as a broker without a license is void and unenforceable. Douthart v. Congdon, 197 Ill 349, 64 NE 348; Frankel v. Allied Mills, Inc., 369 Ill 578, 17 NE2d 570; Bicek v. Royal, 307 Ill App 504, 30 NE2d 747. As observed in the Usher case, supra at page 203: ". . . the intention of the city council was not only to regulate the business by imposing a fine but to effectually render contracts like the instant one unenforceable."

Since both theories advanced by appellants would be a complete defense to plaintiff's action, the judgment in favor of plaintiff must be reversed. Furthermore, the pleadings and record before us show that there is no genuine issue of material fact and that the Intervenor's motion for summary judgment should

have been granted as a matter of law. Ill Rev Stats 1961, c 110, § 57(3); Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306.

The judgment is reversed and the cause is remanded with directions to enter summary judgment in favor of defendant and intervening petitioner.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.