**KELLY SERVICES, INC., et al.,**
**Plaintiffs,**

v.

Donald A. **JOHNSON,** Director Department of Labor, et al., **Defendants.**

No. 75 C 3228.

United States District Court,
N. D. Illinois, E. D.

Oct. 10, 1975.

John A. McDonald, Steven Adelman, Cedric A. Richner, Jr., Southfield, Mich., Walter G. Koslowski and Price, Cushman, Keck, Mahin & Cate, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., and Charles J. Pesek, Asst. Atty. Gen., Chicago, Ill., for defendants.

## ORDER FOR PRELIMINARY INJUNCTION

PERRY, District Judge.

This cause having come on for hearing on the motion of Plaintiffs for a preliminary injunction as prayed for in its Complaint, and pursuant to the order of the court entered on October 3, 1975, and the court having considered the Plaintiffs' memorandum and affidavits in support of the motion, and Defendants' memorandum in opposition to Plaintiffs' motion for a preliminary injunction, and having heard oral evidence in open court, the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs are among those persons doing business in the State of Illinois as temporary help companies.

2. As temporary help companies, Plaintiffs contract to perform a variety of services for their customers. Plaintiffs hire temporary employees to perform those services. Plaintiffs directly compensate their temporary employees for the work they perform, make payroll deductions required of employers, and make required employer contributions to employee benefit programs, both public and private, on behalf of those employees.

3. Plaintiffs establish the wages to be paid to their temporary employees and provide whatever vacation, insurance, or other fringe benefits their temporary employees may receive.

4. Plaintiffs charge no money or fee to their temporary employees as consideration for providing them with employment.

5. Plaintiffs engage in no activity for the purpose of providing applicants for employment for their customers.

6. Customers of Plaintiffs pay no compensation to temporary employees of temporary help companies such as Plaintiffs.

7. One of the methods by which Plaintiffs obtain customers is by advertising that they are the employer of the temporary employee rather than an employment agency, and will undertake all the federal and state governmental obligations with respect to their temporary employees and employer has to his employees.

8. One of the methods by which Plaintiffs obtain employees is by referrals from the Illinois State Employment Service.

9. At no time prior to issuance of Illinois Department of Labor Order No. 76–16, dated August 5, 1975, have Defendants, or any other agents of the Illinois Department of Labor, informed Plaintiffs or other temporary help companies that it is the position of Defendants that the Illinois Private Employment Agencies Act, 48 Ill.Rev.Stat. § 197a *et seq.*, is applicable to Plaintiffs and other temporary help companies.

### CONCLUSIONS OF LAW

1. Plaintiffs and similarly situated temporary help companies will be irreparably harmed if Defendants are not enjoined from enforcing the Illinois Private Employment Agencies Act against them.

2. There will be no harm or inconvenience to Defendants if they are required to postpone enforcing the Private Employment Agencies Act against Plaintiffs and other temporary help com-

panies pending a final decision on the merits.

3. There is a substantial likelihood that Plaintiffs will prevail on the merits.

Ordered:

Defendants are hereby restrained and enjoined from requiring Plaintiffs and other temporary help companies to submit license applications pursuant to the Illinois Private Employment Agencies Act, to initiate any action against Plaintiffs and other temporary help companies and/or their employees for any alleged failure to apply for a license pursuant to the Illinois Private Employment Agencies Act, or to otherwise seek to subject Plaintiffs and other temporary help companies to the provisions of the Illinois Private Employment Agencies Act, 48 Ill.Rev.Stat. § 197a *et seq.*, or any rules or regulations promulgated pursuant thereto, pending further order of the Court.