KELLY SERVICES, INC., a Delaware Corporation, et al., Plaintiffs-Appellees,

v.

Donald A. JOHNSON, Director, Department of Labor, et al., Defendants-Appellants.

No. 75–2020.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1976.

Decided Aug. 19, 1976.

William J. Scott, Atty. Gen., Charles J. Pesek, Asst. Atty. Gen., Chicago, Ill., for defendants-appellants.

John A. McDonald, Chicago, Ill., for plaintiffs-appellees.

Before SWYGERT, TONE and BAUER, Circuit Judges.

SWYGERT, Circuit Judge.

The question presented in this appeal concerns the district court's decision not to abstain in a case in which the issue before it for consideration was whether "temporary help companies" are subject to the regulatory provisions of the Illinois Private Employment Agencies Act. Ill.Rev.Stat., ch. 48, §§ 197(a) *et seq.* (1973).

The case arose when the Director of the Illinois Department of Labor issued Labor Order No. 76–16 establishing an October 1975 deadline for the filing of license applications by all temporary help companies doing business in Illinois. Prior to the issuance of this order, the Department had sought an opinion on the propriety of such registration from the Attorney General of Illinois. The suit was filed by plaintiffs, Kelly Services, Inc. and Manpower, Inc., as a class action seeking to enjoin the enforcement of the order and requesting a declaratory judgment that the Act did not apply to the plaintiffs' class. Their motion for a preliminary injunction was granted after oral argument and the defendants, the Director of the Department of Labor, the Superintendent of the Division of Private Employment, and the State's Attorney General, were enjoined from requiring the members of plaintiffs' class to submit license applications pursuant to the Act, from initiating any actions against the class and/or their employees for failure to apply for a license, and from otherwise seeking to subject members of the class to the provisions of the Act. D.C., 402 F.Supp. 412.

The central argument presented by the defendants is that the district court abused its discretion in refusing to abstain from consideration of this case. They note that, on its face, the statutory language is broad enough to secure such regulation, providing that the term "employment agency" means "any person engaged for gain or profit in the business of securing or attempting to secure employment for persons seeking employment or employees for employers." When the Attorney General's opinion was sought by the Department, he noted that the provision had not been construed by an Illinois court, and thus issued a formal opinion concluding that agencies such as those operated by the plaintiffs were included within the scope of the statute.

■ We are persuaded that the defendants are correct and that the district court should have abstained.*

Both parties to this litigation have offered extensive arguments concerning the merits of their individual positions vis-a-vis the regulation of private temporary help companies. Most of these arguments center around the nature of that particular type of employment-finding service and whether or not such agencies could be easily regulated. These arguments alone demonstrate that the questions concerning regulation are rooted in the State's interest in protecting its citizens from unscrupulous agencies or employers. The issues touch matters of traditional state concern and have not been subject to scrutiny by a state court. Thus it compels federal courts to stay their hand lest they provoke needless conflict with the administration by a state of its own affairs. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Alabama Public Service Commission v. Southern R.R. Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). We note that it is within the power of the state to regulate employment agencies consistent with the

* The defendants present other issues for review, such as whether a single judge invaded the province of a three-judge court by interpreting and applying a state statute challenged on the grounds of unconstitutionality and various challenges related to the merits of the case. In view of our disposition of this case, we need not reach these questions. Our opinion will address only the issue of abstention.

protections provided by the Constitution. Assuming there was proper authorization by the legislature, procedural due process was afforded to members of plaintiffs' class. The Department had scheduled hearings on proposed regulations and was following a course which provided proper procedures to protect the plaintiffs' interests and ensure that they were heard. The plaintiffs complain about the initial fact of regulation, not about the process which was set in motion to accomplish it. They argue that the statute does not authorize the institution of the regulatory process and that the defendants' action therefore violated provisions of the Illinois Constitution and the Fourteenth Amendment to the United States Constitution. The critical question which must be resolved then is whether the legislature authorized regulation of temporary help agencies by enacting the statute.

The agencies have asserted that the federal courts must resolve this question since abstention is not appropriate in diversity cases. It is necessary to address this argument, it being the only complicated point in an otherwise straight-forward case for abstention.

The plaintiffs, in their complaint, alleged jurisdiction both under 28 U.S.C. § 1331, the federal question jurisdiction provision, and 28 U.S.C. § 1332, which provides jurisdiction in cases involving citizens of different states—diversity jurisdiction. The abstention doctrine as it applies to federal question cases presents little difficulty in this particular factual circumstance as the plaintiffs have conceded both in their brief and during argument before this court. They do, however, insist that it is inappropriate when the basis for jurisdiction is diversity of citizenship. In such cases, the federal court sits as though it is a court of the state and has a duty to decide the question of law presented according to the law of that state. *Walker v. Kruse,* 482 F.2d 802 (7th Cir. 1973). Plaintiffs argue that different considerations and standards apply in such cases and abstention is appropriate rarely, if ever, when there is diversity jurisdiction.

There are two bases upon which plaintiffs' arguments on this point can be refuted. The defendants in this case are state officials, and the remedy sought against them is an injunction against actions taken in their official capacity. This is evident from plaintiffs' complaint which seeks not only to enjoin these present officeholders, but those "successors in office." In effect, plaintiffs have sought to establish diversity by casting the state, through its officials, as the citizen of itself for purposes of jurisdiction. Plaintiffs contend that the suit is against the defendants in their personal capacities because their actions went beyond their statutory authority as state officials. Even if it were clear, which it is not, that the defendant Director of the Department of Labor or his subordinates were in error in seeking and then acting in accordance with an opinion by the State's Attorney General, or that the Attorney General was in error for issuing such an opinion, abstention would still be appropriate.

The cases marshalled by both sides to this controversy indicate that even if jurisdiction is proper under 28 U.S.C. § 1332, abstention is appropriate when to do so would clearly serve an important countervailing interest, or where there would be needless friction by unnecessarily enjoining state officials from executing state policies. Such friction would be generated by a federal court's interference in this case. The question here is the regulation by the State of activities which touch its citizens' job-seeking efforts. Its courts have not had an opportunity to determine whether the statute in question encompasses plaintiffs' agencies. In making that determination it may be appropriate to consider the question of legislative intent.

We conclude therefore that it was error for the district court not to abstain in this case. The case is reversed and remanded for action consistent with this opinion. The district court should include a determination as to whether it should retain jurisdiction pending a resolution of the issue in state court.

Reversed and Remanded.