**Leo M. ZINN, Plaintiff,**

v.

**Lemar PARRISH, Defendant.**

**No. 75 C 4235.**

United States District Court, N. D. Illinois, E. D.

April 1, 1977.

---

Ellis E. Reid, Chicago, Ill., for plaintiff.

Warren L. Fuller, Chicago, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

Plaintiff sues as an agent "engaged in the business of Public Relations and Personal Management" to recover commissions allegedly due from his client, the defendant, under their contract. Defendant has moved for summary judgment on the issue of liability for the reason that plaintiff was not licensed as a private employment agency under the provisions of Ch. 48, § 197a of the *Ill.Rev.Stat.* (1975) and therefore that the contract between the parties is unenforceable. We agree with the defendant's contention and will enter summary judgment for the defendant on the Third Amended Complaint. We will also enter judgment in favor of the defendant on his counterclaim against the plaintiff for payments which defendant allegedly made to the plaintiff under contract, on the issue of liability only.

The Illinois statute in question provides in Ch. 48, § 197k in part as follows:

The term "employment agency" means any person engaged for gain or profit in the business of securing or attempting to secure employment for persons seeking employment or employees for employers. However, the term "employment agency" shall not include any person engaged in the business of management consulting or management executive training, and who in the course of such business is retained by, acts solely on behalf of, and is compensated solely by, an employer to identify, appraise or recommend an individual or individuals for consideration for an executive or professional position, provided that: (a) the compensation for each such position is at the rate of not less than $15,000 per year; and (b) in no instance is the individual who is identified, appraised or recommended for consideration for such position charged a fee directly or indirectly in connection with such identification, appraisal or recommendation, or for preparation of any resume, or on account of any other personal service performed by the person engaged in the business of management consulting or management executive training.

This definition has never been acted upon by the Illinois courts. If the case at bar involved a construction of this statute which might bind an agency of the State government or a broad class of plaintiffs, we might be well-advised to abstain from deciding this case until the State courts have had an opportunity to construe the statute. See *Kelly Services, Inc. v. Johnson*, 542 F.2d 31, 33 (7th Cir. 1976). However, we believe that this court has an obligation to decide diversity cases between private parties as expeditiously as possible, and the statutory provision is not one which raises any constitutional or any difficult problems of construction. Nor are any of the other grounds for abstention presented by this case, as discussed in *Colorado River District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Therefore, we will proceed to decide the merits.

■ Plaintiff alleges that he contracted "to secure for the [defendant] employment as a professional football player" and that pursuant to this contract he obtained at least three contracts for the defendant with the Cincinnati Bengals. Pursuant to his agency contract, plaintiff was entitled to a ten percent commission from defendant for negotiating employment for him as a professional athlete and was to seek endorsement contracts and other advantageous financial arrangements for him. Therefore, on the face of his verified complaint he falls within the statutory provisions of " . . . any person engaged for gain or profit in the business of securing or attempting to secure employment for persons seeking employment . . . " and is an employment agency under § 197k.

Plaintiff does not contend that he falls within the exceptions of the statute for management consulting or management executive training firms but relies on a deposition of an inspector for the Division of Private Employment Agencies of the Illinois Department of Labor who, after an investigation of plaintiff's operation on June 15, 1976 reported to his supervisor that plaintiff is not covered by the statute. This conclusion of course is not binding on any court but also is not based upon a full knowledge of the facts. The inspector testified that if plaintiff was actually "booking" employment for his clients, then he would be covered by the statute. The inspector did not examine plaintiff's contracts which he had negotiated for the defendant and which are not disputed.

Plaintiff also contends that he was a "manager" and not an employment agency because the defendant was already employed by the Cincinnati Bengals when plaintiff became defendant's agent by a contract dated April 10, 1971. This is an unconvincing argument, not only because plaintiff's contract with the defendant specifically authorizes him to procure employment for the defendant but also because the defendant could have jumped to another league or could have been released by the Bengals in one form or another from his obligations.

■ The Illinois statute requires licensing by the Division of Private Employment Agencies of the State of Illinois pursuant to Ch. 48, § 197a. Defendant's affidavit from the Superintendent of this Division shows that plaintiff was not so licensed during the period of the contracts which he is now attempting to enforce. This results in an unenforceable and void contract under Illinois law. *Tovar v. Paxton Community Memorial Hospital*, 29 Ill.App.3d 218, 330 N.E.2d 247 (4th Dist. 1975); *Winston v. Kaspar American State Bank*, 36 Ill.App.2d 423, 184 N.E.2d 725 (1st Dist. 1962). On the other hand, defendant is permitted by Illinois law to recoup any payments which he has made to the plaintiff under the void contract. *Woodall v. Peden*, 274 Ill. 301, 113 N.E. 608 (1916); *Stamatiou v. United States Gypsum Co.*, 400 F.Supp. 431 (N.D. Ill.1975), affirmed 534 F.2d 330 (7th Cir. 1976). The defendant was not *in pari delicto* with the plaintiff. He was an innocent victim of the plaintiff's illegal activities. Therefore, he is entitled to recover payments made to the plaintiff.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant's motion for summary judgment on the

Complaint is granted and judgment is entered thereon in his behalf.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's motion for summary judgment on his counterclaim is granted on the issue of liability, and judgment is entered thereon in favor of the defendant-counterplaintiff. The issue of the measure of damages remains undecided and severed from the issue of liability.