**GROVE PRESS, INC., et al., Plaintiffs-Appellants,**

v.

**Anthony B. FLASK et al., Defendants-Appellees.**

**No. 19940.**

United States Court of Appeals Sixth Circuit.

Oct. 21, 1969.

Bernard A. Berkman, Berkman, Gordon & Kancelbaum, Cleveland, Ohio, for appellants.

Vincent E. Gilmartin, Pros. Atty., Mahoning County, Youngstown, Ohio, Patrick J. Melillo, Director of Law, Youngstown, Ohio, for appellees.

Before WEICK, EDWARDS and PECK, Circuit Judges.

ORDER.

Plaintiff-appellants have moved for an injunction pending appeal to restrain defendant-appellees from interfering with, hindering or obstructing the distribution and exhibition of the film "I Am Curious (Yellow)" by any means, including seizing any print of the film, arresting or prosecuting plaintiff-appellants or their agents and employees, or prosecuting civil proceedings against the film, or threatening to take any of such actions. The motion was submitted to Judge Weick at his chambers in Akron, Ohio, on September 26, 1969, upon arguments of counsel for the respective parties, and leave was granted to file briefs, the last one being submitted on October 17, 1969. A panel of this Court was then constituted under our Rule 9.

The action in the District Court was for injunctive and declaratory relief. It sought to declare the Ohio Nuisance Statutes (being Sections 3767.01 to 3767.11, inclusive of the Ohio Revised Code) to be void in violation of the Constitution of the United States, and to enjoin any proceedings thereunder, as well

---

as criminal prosecutions for violation of obscenity ordinances of the City of Youngstown.

Plaintiffs applied to the District Judge for a temporary restraining order on September 16, 1969, which was not granted, and the Court set the application for preliminary injunction for hearing on September 23, 1969. After hearing arguments, but without receiving any evidence, the Court dismissed the action without prejudice on the ground that plaintiffs had failed "to seek a three Judge Court under Section 2284 of Title 28 of the United States Code."

Title 28 U.S.C. § 2281 provides that an interlocutory or permanent injunction to restrain the enforcement of a state statute shall not be granted upon the ground of the unconstitutionality of such statute unless the application is heard and determined by a District Court of three Judges under Section 2284 of said title. It was for the court, and not the plaintiffs, to determine the need for a three-Judge Court. The Court did determine that a three-Judge Court was necessary, but dismissed the complaint merely because plaintiffs had not requested it. In so doing the Court erred. Borden Co. v. Liddy, 309 F.2d 871 (8th Cir. 1962), cert. denied, 372 U. S. 953, 83 S.Ct. 951, 9 L.Ed.2d 977; Bell v. Waterfront Comm. of New York Harbor, 279 F.2d 853 (2d Cir. 1960); Aaron v. Cooper, 261 F.2d 97 (8th Cir. 1958). *Cf.* Buchanan v. Rhodes, 400 F. 2d 882 (6th Cir. 1968).

It is therefore ordered that the appeal be docketed and that the judgment of the District Court be reversed, and the cause is remanded with instructions to notify immediately the Chief Judge of this Court of the pendency of the action as required by 28 U.S.C. § 2284. The application for preliminary injunction shall be heard by three Judges and not by a single Judge. At least five days' notice of the hearing must be given to the Governor and to the Attorney General of Ohio.

It is not necessary for us to rule on the motion for injunction pending appeal because we have disposed of the appeal. We express no opinion on the merits of the case, which must initially be determined by the three-Judge Court. We are confident that the three-Judge Court will proceed with dispatch.

It is recommended that the stipulation of counsel to preserve the status quo until this Court has acted, be extended until the three-Judge Court has determined the case.