488 F.2d 1350
 INTERNATIONAL NEWS DISTRIBUTORS, INC., Plaintiff-Appellant,
v.
Thomas H. SHRIVER, District Attorney General for the Tenth
Judicial Circuit, and Richard P. McCully,
Assistant District Attorney General for
the Tenth Judicial Circuit,
Defendants-Appellees.
 No. 73-1184.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 12, 1973.
Decided Dec. 19, 1973.
 
 Gilbert H. Deitch, Atlanta, Ga., for plaintiff-appellant; Larry D. Woods, Nashville, Tenn., Robert Eugene Smith, Baltimore, Md., on brief.
 C. Hayes Cooney, Asst. Atty. Gen. of Tenn., Nashville, Tenn., for defendants-appellees; David M. Pack, Atty. Gen. of Tenn., Nashville, Tenn., of counsel.
 Before EDWARDS, and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.
 LIVELY, Circuit Judge.
 
 
 1
 The issue before the court on appeal is whether the district judge properly dismissed that portion of an action seeking a declaratory judgment that certain statutes of Tennessee are unconstitutional as written and applied and seeking to enjoin enforcement of the statutes in question. The complaint alleges that the plaintiff deals in press materials which are presumptively protected by the First Amendment. It is claimed that the defendants, under color of the provisions of Tennessee Code Annotated Secs. 39-3003-39-3008, by bad faith enforcement and harassment, have deprived the plaintiff of rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and have deprived the public of access to non-obscene materials protected by the First and Fourteenth Amendments. The complaint then recites a number of occasions in which employees of the plaintiff have been arrested without warrants and subsequently indicted for violation of the Tennessee obscenity statutes which are under attack. In addition it is claimed that "inspection raids" have been made by the defendants and that inventories of the plaintiff's stores and warehouse have been made pursuant to illegally obtained search warrants. It is claimed that the actions of the defendants constitute an impermissible prior restraint, that the actions of the defendants have had a "chilling effect" on the exercise of plaintiff's constitutional rights and that the plaintiff will be irreparably harmed as a result of substantial interference with advantageous business relations. No request for a three-judge court is included in the complaint.
 
 
 2
 Jurisdiction is asserted under the various constitutional provisions recited in the complaint and under 28 U.S.C. Sec. 1343(3), 42 U.S.C. Sec. 1983, 42 U.S.C. Sec. 1985(3) and 28 U.S.C. Sec. 1343(4). In addition to seeking preliminary and permanent injunctions and a declaration of rights as to the constitutionality of the Tennessee obscenity statutes, the complaint demands return of all property belonging to the plaintiff which had been seized by the defendants and that the court set the matter for trial to determine damages.
 
 
 3
 The defendants filed a motion for summary judgment together with affidavits that their activities represented a good faith attempt by them to perform the duties of their offices in enforcing the laws of Tennessee and denying that any of their actions had been taken in bad faith or that the plaintiff was being harassed. The plaintiff made no response to these affidavits and the district court entered a Memorandum stating that it "declines to interfere with the pending enforcement of the obscenity statutes of the State of Tennessee through its criminal processes or through its injunctive powers. Further, this court refuses to entertain this suit as a declaratory judgment action." The district court went on to note the allegations of civil rights violations including allegations of bad faith and harassment and retained the cause as a suit for damages for violation of the plaintiff's civil rights. Pointing out that the Memorandum was not to be taken as an expression of views as to the merits of the case or the truth of the allegations, which would require an evidentiary hearing for determination, the court ordered the cause dismissed as to all relief except damages.
 
 
 4
 Title 28 U.S.C. Sec. 2281 provides that a district court or judge thereof may not grant an injunction restraining enforcement of a state statute by restraining the action of a state officer on the ground of unconstitutionality of such statute without a hearing and determination by a district court of three judges convened pursuant to 28 U.S.C. Sec. 2284. Upon filing of an application for an injunction restraining the enforcement of any state statute on the ground that it is unconstitutional, the district judge to whom the application is presented is required by 28 U.S.C. Sec. 2284(1) to notify the chief judge of the circuit immediately in order that two other judges may be designated to constitute the court. The fact that the plaintiff did not request a three-judge court in this case is immaterial, since it is the duty of the district court to determine whether there is a need for such a court. Grove Press, Inc. v. Flask, 417 F.2d 1062 (6th Cir. 1969).
 
 
 5
 The duty of the district judge to request a three-judge court is not absolute, however, and if he determines that there is no substantial constitutional question involved, he may dispose of the case as a one-judge court. Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970), cert. denied, 401 U.S. 977, 91 S.Ct. 1205, 28 L.Ed.2d 327 (1971). In the present case the district judge based his dismissal of the claims for injunctive and declaratory judgment relief on the holdings of the United States Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and five other cases decided on the same day and on the Sixth Circuit decision in American News Co. v. Ladas, 454 F.2d 1237 (6th Cir. 1972). If these decisions which the district judge relied upon clearly prohibit the district court from granting the relief sought, no substantial constitutional question is raised and the failure of the district judge to request the convening of a three-judge court was not error. Scott v. Hill, 449 F.2d 634 (6th Cir. 1971), cert. denied, 405 U.S. 928, 92 S.Ct. 979, 30 L.Ed.2d 801 (1972).
 
 
 6
 In Younger v. Harris, supra, Mr. Justice Black, speaking for the majority, set forth the reasons which require federal courts to refrain from issuing injunctions against pending criminal proceedings in state courts. Quoting from Fenner v. Boykin, 271 U.S. 240, 243, 46 S.Ct. 492, 70 L.Ed. 927 (1926), the opinion points out an exception which permits federal intervention "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." The opinion further defines irreparable injury as a "threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution." 401 U.S. at 46, 91 S.Ct. at 751. In Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed. 2d 701 (1971), a case involving prosecutions under a Louisiana obscenity statute, the Court, speaking again through Mr. Justice Black, dealt with the irreparable injury exception in the following language: "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 401 U.S. at 85, 91 S.Ct. at 677.
 
 
 7
 In American News Co. v. Ladas, supra, the district court conducted a hearing under an agreed statement of facts. The complaint in that case alleged bad faith law enforcement and harassment, but the district judge made no finding of fact on this issue and this court held that the record contained no evidence of such bad faith. In the present case, the allegations of bad faith and harassment were refuted by affidavits of the defendants, but there was no hearing or finding of fact on this issue. In his Memorandum the district judge referred to the allegations of bad faith and harassment and held that they were sufficient to require a trial on the plaintiff's demand for damages for violations of its civil rights. If the allegations of harassment and bad faith were sufficient to raise an issue on the claim for damages, they also raised the issue of whether such extraordinary circumstances were present in this case as to permit the federal court to enjoin enforcement of the Tennessee obscenity statute under the exception recognized in Younger v. Harris, supra, and Perez v. Ledesma, supra. The allegations of bad faith and harassment are not obviously without merit and the injury complained of by the plaintiff, consisting of numerous incidents recited in some detail in the complaint, is not one that can "be eliminated by his defense against a single prosecution." Younger, supra, 401 U.S. at 46, 91 S.Ct. at 751. A substantial constitutional question is raised by the complaint.
 
 
 8
 We therefore conclude that this action must be remanded to the district court with directions that the chief judge of the circuit be notified of the application for injunction. This conclusion is reluctantly reached in view of the additional burden which it places on already busy judges. However, we are bound by the statutory scheme which is now in effect. See Calloway v. Briggs, 443 F.2d 296 (6th Cir.), cert. denied, 404 U.S. 916, 92 S.Ct. 230, 30 L.Ed.2d 190 (1971). Of course, once the three-judge court is convened it may consider whether the doctrine of federal abstention would properly permit it, in view of the claim of irreparable injury, to stay its hand voluntarily in order to allow the issues in this case to be first decided by the courts of Tennessee. Scott v. Hill, supra (Concurring Opinion of Judge McCree).
 
 
 9
 The judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.