Bernard GREENSPAN, Appellant,

v.

Ann KLEIN, Individually and as Commissioner, Department of Institutions and Agencies, State of New Jersey, and Gerald J. Reilly, Individually and as Director, Division of Medical Assistance and Health Services, jointly, severally and in the alternative, Appellees.

No. 76–1726.

United States Court of Appeals, Third Circuit.

Argued Jan. 10, 1977.

Decided Feb. 10, 1977.

Karl Asch, Elizabeth, N.J., Elson P. Kendall, Clark, N.J., for appellant.

William F. Hyland, Atty. Gen., Erminie L. Conley, Robert E. Popkin, Deputy Attys. Gen., Trenton, N.J., for appellees.

Before ROSENN and HUNTER, Circuit Judges, and SNYDER,* District Judge.

JAMES HUNTER, III, Circuit Judge:

This appeal from the denial of plaintiff Greenspan's request for a preliminary injunction against New Jersey state officials raises the issue of a single district judge's power to deny a preliminary injunction request, or to abstain, after deciding that the constitutional question presented could be

plan, knowledge, identity, or absence of mistake or accident.

* Daniel J. Snyder, Jr., United States District Judge for the Western District of Pennsylvania, sitting by designation.

heard only by a three-judge court. For the following reasons, we hold that a single judge in that situation is without jurisdiction to deny a preliminary injunction request or to abstain.

## I.

Bernard Greenspan, an osteopathic physician whose patients are largely Medicaid recipients received a letter dated February 27, 1976, from the New Jersey Division of Medical Assistance and Health Services Director. The letter informed Greenspan that effective immediately he was suspended from further participation as a provider of services under the New Jersey Health Services Program meaning that Greenspan would not be entitled to reimbursement under Medicaid (30 N.J.S. §§ 4D–1 to 4D–24). The only reason given was that a review "indicates that you submitted claims and received payment for services not rendered by you." He was also told he had a right to request within twenty days a hearing on the matter; if none were requested within that time the suspension would automatically become "permanent and final."[1]

Greenspan claims he received the letter on March 2, 1976, without prior warning or an opportunity to answer any claims the Division may have had against him. Apparently upset not just by the suspension, but also by the cursory notice which gave him no opportunity to be heard prior to a potentially drastic deprivation, Greenspan filed a complaint on March 10, 1976, in the federal court for the district of New Jersey, alleging, *inter alia*, that the New Jersey regulatory scheme allowing such suspensions without a prior hearing violated the Due Process Clause of the Fourteenth Amendment. In addition to declaratory and compensatory relief, Greenspan requested preliminary and permanent injunctions. The district judge described the preliminary injunction as an injunction 1) against enforcing Greenspan's suspension, 2) against requiring Greenspan to request the state administrative hearing, or at least to toll the twenty day period until the court's final judgment, and 3) requiring payment by Medicaid for all necessary and proper treatment of Medicaid patients from February 27, 1976, until further order of the court. A request for a temporary restraining order was denied.

On April 1, 1976, the request for a preliminary injunction was denied. The district judge first considered the merits of the preliminary injunction request,[2] and found no irreparable harm to the plaintiff in his

1. The letter reads:

Bernard Greenspan, D.O.
85 Presidential Boulevard
Paterson, New Jersey 07522
   Re: Notice of Suspension
      Case File No. 4858

The Division of Medical Assistance and Health Services hereby gives notice that, effective immediately, you are suspended from further participation as a provider of services under the New Jersey Health Services Program. This suspension is in accordance with the authority vested in the Director to revoke or suspend the status of a provider of services in order to protect the public welfare and the interest of the Medical Assistance Program (N.J.A.C. 10:49–1.18 and N.J.A.C. 10:49–6.3). Claims for services rendered prior to February 27, 1976, and submitted for payment on or before March 10, 1976, will be honored for payment. All other claims will be returned.

This action is based upon a review conducted by this Division which indicates that you sub-

mitted claims and received payment for services not rendered by you.

Should you request a hearing in this matter, your request must be submitted in writing to the Director, Division of Medical Assistance and Health Services, 324 East State Street, Trenton, New Jersey 08625, and received by this office no later than twenty (20) days from date of receipt of this notice. Failure to request a hearing during this twenty-day period will automatically result in this suspension becoming permanent and final.

        s/ Gerald J. Reilly
        Gerald J. Reilly, Director
        Division of Medical Assistance
        and Health Services

  We note that Greenspan has been granted an extension of the time within which to request a hearing. The most recent extension gives Greenspan until two weeks after our decision.

2. Before doing that the court referred to the many state remedies available to Greenspan, giving rise to the inference that abstention was

practice of medicine,[3] and no probable success on the merits. The public interest in a fiscally responsible program was also considered. After considering the merits of the preliminary injunction request, the district judge said

Finally, the declaration of unconstitutionality and the interference with the statutory and regulatory system of the State of New Jersey in the operation of its Medicaid Program which this application for a preliminary injunction would call for, *requires the matter to be presented to a three-judge court.* 28 U.S.C. § 2281. The statute is specifically designed to prevent a single federal judge from paralyzing a state statute or a regulatory scheme and provide procedural protection against infliction of improvident statewide doom by a federal court on a state legislative policy. See *Gay v. Board of Registration Commissioners,* 466 F.2d 879 (6th Cir. 1972).

. . . *To meet the allegations of this complaint, a three-judge court must be convened. Oklahoma Gas Company v. Russell,* 261 U.S. 290, [43 S.Ct. 353, 67 L.Ed. 659] (1923); *Tyson v. Norton,* 360

F.Supp. 545 (1975). This the plaintiff has not demanded.
(Emphasis added).

Greenspan appealed from the denial of his preliminary injunction request. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Agreeing with the district judge that this is a three-judge court case, we will vacate the order denying the preliminary injunction and remand with instructions to convene a three-judge court.

## II.

■ This, one of the last three-judge court cases under the old 28 U.S.C. § 2281, repealed as to actions commenced after August 12, 1976,[4] presents a variety of issues. The first is rather simple: whether a party is required to request a three-judge court. The district judge apparently thought that there is such a requirement; in this he was mistaken. The decision to convene a three-judge court is one to be made by the district judge, not by the parties. If the district judge to whom the application for injunctive relief is presented determines that under 28 U.S.C. § 2281[5] a three-judge court is required, that judge is to notify the chief judge of the district to convene a three-judge court in accordance with 28 U.S.C. § 2284.[6] There is no requirement in the

---

3. The court noted that Greenspan had not had his license suspended, and was still free to continue his practice of medicine "on whatever basis for remuneration he desires."

4. Act of Aug. 12, 1976, Pub.L. No. 94–381, § 7.

5. 28 U.S.C. § 2281, prior to its being repealed as to actions commenced after Aug. 12, 1976 provided
   An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

6. 28 U.S.C. § 2284, as it applies to this case, reads in pertinent part as follows:

an alternative basis for the refusal to grant the preliminary injunction.

§ 2284. *Three-judge district court; composition; procedure*
   In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:
   (1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. *On the filing of the application, he shall immediately notify the chief judge of the circuit,* who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding.

   .    .    .    .    .

   (3) In any such case in which an application for an interlocutory injunction is made, *the district judge* to whom the application is made *may,* at any time, *grant a temporary restraining order* to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. It shall contain a specific finding,

statute that one of the litigants request a three-judge court and we see no reason to imply such a requirement.[7]

■ Thus, once the district judge determined that this case could properly be heard only by a three-judge court, he was without jurisdiction to consider the merits of the constitutional attack on New Jersey's regulatory scheme. Because the denial of the preliminary injunction involved such a consideration of the merits, the district judge lacked jurisdiction to rule on the preliminary injunction.[8] We are therefore without jurisdiction to review the merits of that denial.

### III.

■ Because it has been argued that what the district judge did was to abstain,[9] at least as an alternative ground for denying the preliminary injunction request, we also address the issue whether a single judge, in a 28 U.S.C. § 2281 case,[10] can abstain. Abstention, however, is a refusal currently to exercise jurisdiction—an abstention *from* determining the merits of a case. Here the single judge had no jurisdiction under § 2281. Having none, he had no

discretion to exercise in determining whether he should abstain.

The Supreme Court in *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), was presented with a case that should have been heard by a three-judge court but in which the single judge abstained. The appellate court held itself without jurisdiction, since the case was properly a three-judge court case, with direct appeal to the Supreme Court. The Supreme Court implicitly agreed that a single judge was without jurisdiction to abstain when it said

> We agree with the Court of Appeals that a three-judge court should have been convened in this case. When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Those criteria were assuredly met here, and the applicable jurisdictional statute

based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted.

.    .    .    .    .

(5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A *single judge shall not* appoint a master or order a reference, or *hear and determine any application for an interlocutory injunction* or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing.

.    .    .    .    .

(Emphasis added).

7. *See, e.g., Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974); *Grove Press, Inc. v. Flask*, 417 F.2d 1062, 1063 (6th Cir. 1969).

8. The statute itself provides "A single judge shall not . . . hear and determine any application for an interlocutory injunction . . . .." 28 U.S.C. § 2284(5), as it applies here.

9. This view finds support in the district judge's remark that "plaintiff has disdained his many State remedies" and in his emphasis on Greenspan's "temporary" suspension. For a current discussion of abstention doctrine, see *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

10. It does appear from the record that a § 2281 case has been presented. The regulatory scheme is included in "statutory scheme," and the Due Process claim is not totally devoid of merit. *See, e.g., Goosby v. Osser*, 409 U.S. 512, 518–19, 93 S.Ct. 854, 35 L.Ed.2d 36 (1972). As we said in *Murrow v. Clifford*, 502 F.2d 1066 (3d Cir. 1974), "a decision denying an injunction against a state regulation of statewide application on [Constitutional] grounds, except where the claim is so insubstantial as to be outside the subject matter jurisdiction of a federal court, is beyond the power of a single district court." *Id.* at 1069. That this is not a frivolous claim is clear. *See, e.g., Hathaway v. Matthews*, noted at 546 F.2d 227 (7th Cir. 1976) (Medicaid pretermination hearing required by Due Process Clause if not an emergency).

therefore made it *impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief.*

*Id.* at 715, 82 S.Ct. at 1296 (emphasis added) (footnote omitted).

Thus, a single judge in § 2281 cases cannot abstain; only a three-judge court has jurisdiction to make that decision. *Apel v. Murphy*, 526 F.2d 71 (1st Cir. 1975); *International News Distributors, Inc. v. Shriver*, 488 F.2d 1350 (6th Cir. 1973). *Contra, Blount v. Mandel*, 400 F.Supp. 1190 (D.Md. 1975).

### IV.

For the foregoing reasons, and after a thorough review of the record, the district court's order denying the preliminary injunction request will be vacated, and the case remanded with instructions to notify the chief judge of the district that a three-judge court is required to hear this case.