J. Richard DEMA et al.,
Plaintiffs-Appellants,

v.

STATE OF ILLINOIS et al.,
Defendants-Appellees,

and

Alan Cartwright, Individually and as an employee-investigator of the Charitable Trusts and Solicitations Division of the Illinois Attorney General's Office, et al., Defendants.

No. 76–1570.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 19, 1976.

Decided Dec. 21, 1976.

Rehearing Denied Jan. 18, 1977.

Sheldon R. Waxman, Chicago, Ill., for plaintiffs-appellants.

William J. Scott, Atty. Gen., Herbert Lee Caplan, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CLARK,* Associate Justice (Retired), FAIRCHILD, Chief Judge, and PELL, Circuit Judge.

PER CURIAM:

This action was brought by J. Richard Dema, Tabcor Sales Clearing, Inc.; the Coronet Producing Co. and S M & S Systems, all of which corporations are owned and controlled by Dema, pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1343 and 1331, seeking declaratory and injunctive relief as well as monetary damages against the State of Illinois, its Attorney General and the members of the latter's Charitable Trusts and Solicitations Division. Dema and his corporations are the targets of enforcement proceedings under the Illinois Solicitation of Funds for Charitable Purposes Act (Ill.Rev. Stats.1975, Chap. 23, § 5101 *et seq.*). In response, they attack the constitutionality of the Act and question the propriety of the state prosecutions now pending, asserting that those state proceedings are part of a massive conspiracy to use the Act to violate their civil rights. Dema requested the convening of a three-judge court, to which Illinois and its Attorney General objected, moving to dismiss the complaint. The District Court denied the motion to convene a three-judge court and dismissed the complaint on the abstention grounds of equity, comity and federalism, as the pending state proceeding involves the same legal questions they seek to raise in federal court. This appeal resulted.

Dema claims the trial court erred in (1) refusing to convene a three-judge court; and (2) in dismissing the complaint, rather than retaining jurisdiction pending the disposition of the state litigation. We find no merit in either claim and affirm.

1. REFUSAL TO CONVENE A THREE–JUDGE COURT:

 It is well settled that a single district court judge, upon receipt of an appli-

cation for a three-judge court, is limited in his inquiry to three determinations: (1) whether a substantial constitutional question is raised; (2) whether the complaint minimally alleges a basis for equitable relief; and (3) whether the case otherwise comes within the requirements of the three-judge statute. *Idlewild Liquor Corp. v. Epstein*, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). However, as the Second Circuit has recognized:

> Where undisputed facts clearly dictate that there can be but one ruling by a three-judge court, if convened, we have, on occasion, in the interest of preserving judicial resources, affirmed the district court's denial of a motion to convene such a court rather than remand the case for a useless and expensive ritual.

*Abele v. Markle*, 452 F.2d 1121, 1126 (1971).

Here the applicable facts are not in dispute. The appellants admit the pendency of enforcement actions against them in the state courts; they have raised identical objections alleging the state act to be unconstitutional, both facially and as applied to them. Nevertheless, they seek to have the District Court enjoin the state and its Attorney General from proceeding with their prosecutions.

Similarly, the applicable law is distinct. The cases of both the Supreme Court and this Circuit run counter to Dema's contentions. Abstention is required here under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), as well as *Cousins v. Wigoda*, 463 F.2d 603 (7th Cir. 1972), and *Ahrensfeld v. Stephens*, 528 F.2d 193 (7th Cir. 1975). After discussing the underlying reason for restraining courts of equity from interfering with criminal prosecutions in the *Younger* case [1], the Court said:

> . . . our cases . . . repeat time and time again that the normal

---

* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States is sitting by designation.

1. The *Younger* case discusses at some length the concepts of "equity", "comity" and "federalism" as the bases of the judicial policy against intervening in state court proceedings.

thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions. 401 U.S. at 45, 91 S.Ct. at 751.

And in *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), a companion case, the Court extended *Younger* principles to non-equitable remedies. Thereafter in *Huffman, supra*, the Court held that "The component of *Younger* . . . is . . . applicable to a civil proceeding . . . quite as much as it is to a criminal proceeding." 420 U.S. at 604, 95 S.Ct. at 1208. And in *Cousins, supra*, this Circuit observed that, "The mere possibility, unsupported by allegation or evidence, that a state judge might make a flagrantly erroneous ruling on a federal issue is an insufficient basis for federal intervention in the orderly progress of state litigation." At 607.

As this circuit said in *Ahrensfeld, supra*:

Plaintiffs have the state courts of Illinois with its appellate system at their disposal for the adjudication of their federal constitutional claims . . . If the Illinois Supreme Court should deny them "any rights secured to [them] by the Constitution and laws of the United States", the case may be brought to the Supreme Court of the United States for reexamination and review. (citation omitted) At 199.

Each of these opinions is predicated on the principles of equity, comity and federalism, which line of authority has its roots in the case of *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We are not about to alter its teachings.

In light of the overwhelming case authority barring federal intervention in state proceedings, we are of the opinion that convening a three-judge court would have been a "useless ritual," and, as such the appellants' claim is unfounded.

Nor do we find any merit in the claim that S M & S, not being a party to the state actions, should be permitted to proceed in federal court. S M & S is merely an alter ego to the other parties defendant, and its interests are the same as the other appellants here. As for the conspiracy charge, it, too, should be litigated in the state actions, and we are certain that it will be.

## 2. THE DISMISSAL OF THE FEDERAL ACTION:

Dema insists that the trial court's dismissal may have connotations of being on the merits carrying the bar of *res judicata*; and, furthermore, that the statute of limitations may run and thus bar the action. However this overlooks the fact that Dema may seek review of Illinois action in the Supreme Court of the United States, either by writ or appeal as a matter of right if Illinois upholds the state on federal grounds. See: *Huffman, supra*, 420 U.S. at 605, 95 S.Ct. 1200, and *Georgia v. City of Chattanooga*, 264 U.S. 472 at 484, 44 S.Ct. 369, 68 L.Ed. 796 (1923). Nor could one reading the order of dismissal interpret it as being on the merits since it recites that dismissal is based solely on comity, equity and federalism. "Where a district court abstains in deference to pending state sovereignty, the proper disposition of the matter is dismissal." *Ahrensfeld, supra*, at 200.

It is unfortunate that the federal court system has been obliged to pass on these matters despite the fact each is frivolous while our dockets are congested with cases that are deserving of attention.

The action of the District Court is affirmed.