661 F.2d 1130
 George H. RYAN, etc., et al., Plaintiffs-Appellants,
v.
The STATE BOARD OF ELECTIONS OF the STATE OF ILLINOIS, et
al., Defendants-Appellees.
Earl Neil OTTO, Plaintiff-Appellee,
v.
The STATE BOARD OF ELECTIONS, Ronald D. Michaelson,
Executive Director, et al., Defendants-Appellants.
 Nos. 81-2122, 81-2394.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 18, 1981.
Decided Oct. 5, 1981.
Rehearing Denied Oct. 8, 1981.
 
 James P. Chapman, Chicago, Ill., for plaintiffs-appellants.
 Thomas N. Todd, Daniel M. Harris, Chicago, Ill., for defendants-appellants.
 William J. Harte, Chicago, Ill., for defendants-appellees.
 Before CUMMINGS, Chief Judge, SWYGERT, Senior Circuit Judge, and BAUER, Circuit Judge.
 SWYGERT, Senior Circuit Judge.
 
 
 1
 This consolidated appeal involves two cases: Ryan v. State Board of Elections, No. 81 C 3915, filed in the United States District Court for the Northern District of Illinois, and Otto v. Stanley Kusper, No. 81 C 4103, filed initially in the Circuit Court of Cook County, Illinois, and then removed to the same federal district court. Both suits assert the unconstitutionality of the present Illinois congressional districts and seek identical injunctive and declaratory relief. The appeal involves two issues: (1) whether the district court acted properly in remanding the Otto case on the discretionary ground of abstention and (2) whether the district court acted properly by abstaining from hearing the Ryan case after refusing to have a court of three judges convened. We hold that the district court lacked authority to remand the properly removed Otto case; moreover, a three-judge court should be convened to entertain both suits.
 
 
 2
 * The 1980 federal census requires reapportionment of the United States congressional districts for the State of Illinois. Illinois now has twenty-four congressional districts, but the 1980 census entitles the state only to twenty-two. Furthermore, because of population shifts during the 1970's, the present congressional districts now contain unequal numbers of people.
 
 
 3
 Based upon the census report, it was the duty of the General Assembly of the State of Illinois,[1] to enact a constitutional reapportionment plan for the Illinois congressional districts. On July 2, 1981 the Illinois General Assembly adjourned having failed to adopt any reapportionment plan.
 
 
 4
 On June 30, 1981, the Otto suit was filed in the Circuit Court of Cook County, Illinois, challenging the constitutionality of the current congressional map in light of the 1980 census. On July 10, 1981, the Ryan suit was filed in federal district court, likewise challenging the constitutionality of the current congressional map. No court has considered, much less ruled upon, the merits of either case.
 
 
 5
 On July 13, the Ryan plaintiffs filed a motion in federal district court to refer the case to the chief judge of this court for the convening of a three-judge court pursuant to 28 U.S.C. § 2284(a). They also sought preliminarily to enjoin the defendants from proceeding in the Otto case. The court denied both motions as well as an oral motion to reconsider. The Ryan plaintiffs filed notice of appeal to this court on July 13, 1981.
 
 
 6
 On July 20, 1981, the Attorney General of Illinois removed the Otto case to the Northern District of Illinois pursuant to 28 U.S.C. § 1441. On August 7, the Otto plaintiff filed a motion to remand to the Circuit Court of Cook County. This motion was fully briefed with the Ryan plaintiffs participating as friends of the court. On August 18, the district court granted the motion. The court stayed its remand order, however, pending the outcome of any appeal from it or the Ryan case.
 
 
 7
 On August 20, 1981, the district court certified for immediate appeal to this court the questions: (1) whether the doctrine of abstention applies to the Otto case; and (2) whether the district court could remand Otto on the discretionary ground of abstention. The Otto defendants filed their petition for leave to appeal on August 21. This court granted the petition on August 25 and consolidated the appeals.
 
 II
 
 8
 Remand of a suit after its removal to federal court is controlled by 28 U.S.C. § 1447(c).[2] No other statutory provision allows remand.
 
 
 9
 The leading Supreme Court case on permissible grounds for remanding cases after removal to a federal court is Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In Thermtron the district court had remanded a removed action in the exercise of its discretion because of docket congestion. The Sixth Circuit denied the defendant's petition to mandamus the district judge to retain the case. The Supreme Court reversed and held the remand order improper. The Court noted that the remand was based on discretionary reasons and not on any ground stated in 28 U.S.C. § 1447(c):
 
 
 10
 (The district court) did not purport to proceed on the basis that this case had been removed improvidently and without jurisdiction. Neither the propriety of the removal nor the jurisdiction of the court was questioned by (the district court) in the slightest. Section 1447(c) was not even mentioned. Instead, the District Court's order was based on grounds wholly different from those upon which § 1447(c) permits remand....
 
 
 11
 423 U.S. at 343-44, 96 S.Ct. at 589. The Court approvingly cited the uniform rule of lower federal courts "that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute," id. at 345 n. 9, 96 S.Ct. at 590 n. 9.
 
 
 12
 In Otto, the district court remanded a properly removed action for a discretionary reason not authorized by 28 U.S.C. § 1447(c). The district court did not hold that it lacked jurisdiction.[3] The only other permissible ground for remand is improvident removal. "(A) district court may remand a case as being 'improvidently' removed only if one of the statutory, non-jurisdictional requirements for removal has not been satisfied." In re Merrimack Mutual Fire Ins. Co., 587 F.2d 642, 647 n. 8 (5th Cir. 1978). See Note, Remand Order Review After Thermtron Products, 1977 U.Ill.L. Forum 1086, 1092-93 (legislative history of section 1447(c) shows that "improvidently" means legally defective). In Otto, the district court found that the statutory, non-jurisdictional requirements for removal had been satisfied. Memorandum Opinion and Order, August 18, 1981 at 2.
 
 
 13
 Otto disagrees with the district court's finding that there were no non-jurisdictional defects in the removal petition. First, he asserts that the Illinois Attorney General lacks the authority to file a removal petition on behalf of the State Board of Elections and its members. The district court properly rejected this argument.
 
 
 14
 (T)he record (does not) reveal any indication that the Board disagrees with the actions of General Fahner, and, further, it is settled as a matter of Illinois law that the Attorney General is the sole officer who may conduct litigation in which the people of the State of Illinois are the real parties in interest. People ex rel. Scott v. Briceland, 65 Ill.2d 485, 3 Ill.Dec. 739, 359 N.E.2d 149 (1976).
 
 
 15
 Memorandum Opinion and Order, August 18, 1981 at 2-3.
 
 
 16
 Second, Otto asserts that the removal petition is defective because Stanley Kusper, the Cook County Clerk, did not join in the petition. The district court correctly held that Kusper was a nominal defendant and his joinder in the removal petition was not necessary. Memorandum Opinion and Order, August 18, 1981 at 2. "(O)nly indispensable defendants are required to join in the petition for removal; the consent of nominal or formal parties is not necessary." First National Bank of Chicago v. Mottola, 302 F.Supp. 785, 790-91 (N.D.Ill.1969), aff'd, First National Bank of Chicago v. Ettilinger, 465 F.2d 343, 345 (7th Cir. 1972). The duty of supervising the administration of the election laws throughout Illinois belongs to the State Board of Elections. Ill.Rev.Stat. ch. 46, § 1A-8(11), P.A. 78-918 § 1. Kusper's duties are confined to Cook County and are purely ministerial. See Harman v. Forssenius, 380 U.S. 528, 538 n. 14, 85 S.Ct. 1177, 1184 n. 14, 14 L.Ed.2d 50 (1965), (in suit challenging constitutionality of state election laws, only State Board of Elections, not local registrars, were indispensable parties).
 
 
 17
 Otto also argues that remand was proper on discretionary grounds. The two cases he cites, however, are distinguishable. In Manas y Pineiro v. Chase Manhattan Bank, 443 F.Supp. 418 (S.D.N.Y.1978), the removal petition was untimely, but the plaintiff failed to object. Because untimeliness is not a jurisdictional defect, the issue was whether the plaintiff waived its right to object. In that context the district court weighed considerations of judicial economy, comity, and prejudice to determine whether to remand the case. Id. at 421. In Soam Corp. v. Trane Co., 506 F.Supp. 302 (S.D.N.Y.1980), the action was removed to federal court on the basis of diversity. The plaintiff then amended his complaint to add non-diverse defendants. The district court treated the amendment as part of the original complaint (pursuant to Rule 15(c) of the Federal Rules of Civil Procedure) and held the case improvidently removed because diversity jurisdiction was lost prior to final judgment. In Otto, however, the petition for removal met all non-jurisdictional requirements. There was no occasion to weigh discretionary factors to decide whether to excuse a technical, non-jurisdictional defect.
 
 
 18
 Abstention is a judicially-created doctrine; its application is discretionary. Under Thermtron a federal court with jurisdiction over a removed case may not remand it on discretionary grounds. Congress never intended "to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976).
 
 
 19
 Section 1447(c) was not the basis for remand. It was abstention-a ground not specified in section 1447(c). The remand order was, therefore, without authority and in error.
 
 III
 
 20
 The Ryan plaintiffs filed a motion in federal court to refer the case to the chief judge of this court for the convening of a three-judge district court pursuant to 28 U.S.C. § 2284(a).[4] The district court denied the motion and chose instead to abstain from the case.
 
 
 21
 The district court had no authority to deny the motion and abstain. "When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962); Dema v. State of Illinois, 546 F.2d 224, 225 (7th Cir. 1976). See Hagans v. Lavine, 415 U.S. 528, 543-45, 94 S.Ct. 1372, 1382-83, 39 L.Ed.2d 577 (1974); Steffel v. Thompson, 415 U.S. 452, 457 n. 7, 94 S.Ct. 1209, 1215, n. 7, 39 L.Ed.2d 505 (1974); Goosby v. Osser, 409 U.S. 512, 522, 93 S.Ct. 854, 860, 35 L.Ed.2d 36 (1972).
 
 
 22
 The district court admitted that the requirements of section 2284(a) were met. Furthermore, no one disputes that the constitutional questions are substantial. The present apportionment of congressional districts in Illinois cannot constitutionally be used in the 1982 congressional elections. The Illinois General Assembly has failed to approve a reapportionment plan and so equitable relief from the courts is needed.
 
 
 23
 Finally, several circuits have held that only a three-judge court, not a single judge, has the right to abstain in this situation. Abele v. Markle, 452 F.2d 1121, 1125 (2d Cir. 1971) (Younger abstention issue for three-judge court); International News Distributors, Inc. v. Shriver, 488 F.2d 1350, 1353 (6th Cir. 1973) (single judge should not abstain on Younger grounds, but three-judge panel could consider issue); Apel v. Murphy, 526 F.2d 71, 74 (1st Cir. 1975) (Pullman abstention by single judge invalid-only three-judge court can decide); Greenspan v. Klein, 550 F.2d 856, 860 (3d Cir. 1977) (single judge cannot abstain; only three-judge court can make decision).
 
 
 24
 The district court had no authority to abstain from the Ryan case; only a three-judge panel could make that determination.
 
 IV
 
 25
 The district court abstained in Ryan and Otto citing Scott v. Germano, 381 U.S. 407, 85 S.Ct. 1525, 14 L.Ed.2d 477 (1965), Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Moreover, the Otto plaintiff has urged the applicability of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Finally, the district court certified for this court the question of whether its abstention was justified. A discussion of whether abstention is applicable in these circumstances is warranted even though the issue may be raised anew before the three-judge court.
 
 
 26
 Abstention is a narrow exception to the duty of a district court to adjudicate a controversy properly before it. It is justified only in exceptional circumstances. County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959). The Supreme Court has recognized three types of abstention: Pullman, Burford, and Younger. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 813-17, 96 S.Ct. 1236, 1244-46, 47 L.Ed.2d 483 (1976).
 
 1. Burford-type abstention
 
 27
 In Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the Supreme Court held that the district court should dismiss the suit before it because of the complexity of the state law issue, the expertise of the state court, and the need for coherent state doctrine in the area. Burford-type abstention is appropriate, therefore, only where there are difficult questions of state law bearing on policy problems whose importance transcends the result in the case. Colorado River Water Conservation District v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); Zablocki v. Redhail, 434 U.S. 374, 379 n. 5, 98 S.Ct. 673, 677 n. 5, 54 L.Ed.2d 618 (1978).
 
 
 28
 Typical Burford abstention cases concern state administrative regulation of matters such as oil exploration (Burford); eminent domain (Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)); railroad passenger service (Alabama Public Service Commission v. Southern Railway, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); and temporary employee services (Kelly Services, Inc. v. Johnson, 542 F.2d 31 (7th Cir. 1976)). In those cases there was a concern that "exercise of federal review of the questions (at issue) would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial state concern." Colorado River Water Conservation District, supra 424 U.S. at 814, 96 S.Ct. at 1244.
 
 
 29
 The Ryan and Otto cases involve no state regulatory issues. In fact they involve no issues of state law whatsoever. A federal court decision would not interfere with any state program. The only "coherent policy" surrounding the reapportionment issue is adherence to the federal constitutional requirement of "one-person, one-vote." Davis v. Mann, 377 U.S. 678, 690, 84 S.Ct. 1441, 1447, 12 L.Ed.2d 609 (1963). Burford abstention is inapplicable.
 
 2. Younger-type abstention
 
 30
 The Otto plaintiff urges Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) as a basis for abstention. In Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977), the state defendant consented to federal jurisdiction. The Court rejected the argument of an amicus that Younger abstention was appropriate.
 
 
 31
 If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own-system.
 
 
 32
 431 U.S. at 480, 97 S.Ct. 1904. In Otto the state defendant affirmatively removed the case from state to federal court. Its submission to a federal forum, therefore, renders Younger abstention inapplicable.[5]
 
 3. Pullman-type abstention
 
 33
 Pullman abstention is appropriate only in cases "presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Colorado River Water Conservation District v. United States, 424 U.S. 800, 824, 96 S.Ct. 1236, 1250, 47 L.Ed.2d 483 (1976). The doctrine "contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." Babbit v. Farm Workers, 442 U.S. 289, 306, 99 S.Ct. 2301, 2313, 60 L.Ed.2d 895 (1979) quoting from Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1181, 14 L.Ed.2d 50 (1965). Where state law is unambiguous Pullman abstention is inapposite. Zablocki v. Redhail, 434 U.S. 374, 379-380 n. 5, 98 S.Ct. 673, 677-78 n. 5, 54 L.Ed.2d 618 (1978); Wisconsin v. Constantineau, 400 U.S. 433, 437-39, 91 S.Ct. 507, 510-11, 27 L.Ed.2d 515 (1971); Zwickler v. Koota, 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967).
 
 
 34
 In Ryan and Otto the parties assert only federal constitutional and statutory claims. They argue that the present congressional districts must be redrawn in order to conform with the federal constitutional mandate. A state court could not render these claims moot by deciding the case on state grounds because no such grounds exist. Colorado River Water Conservation District v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); Nickerson v. Thomson, 504 F.2d 813, 816 (7th Cir. 1974); Smith v. Cherry, 489 F.2d 1098, 1101 (7th Cir. 1973), cert. denied, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974). Pullman-type abstention is, therefore, inapplicable.
 
 4. Abstention Under Scott v. Germano
 
 35
 The district court, as well as the Otto plaintiff here, relied upon Scott v. Germano, 381 U.S. 407, 85 S.Ct. 1525, 14 L.Ed.2d 477 (1965). In Germano the Supreme Court directed the district court in a state senate reapportionment suit to stay its hand temporarily because the state court in concurrent proceedings had made substantial progress on the same issue. Germano, however, is distinguishable in two ways.
 
 
 36
 First, unlike the Ryan and Otto cases, the state court case in Germano involved issues of both federal and state law. See People ex rel. Engle v. Kerner, 32 Ill.2d 212, 213, 205 N.E.2d 33, 34 (1965). The state court could have decided the case on the basis of state law-without reaching the federal constitutional issues. Abstention was appropriate under those circumstances. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
 
 
 37
 Second, in Germano the state defendants asked the federal court to stay its hand. They insisted upon adjudication in the state court. In Otto, however, the state defendants desire a federal forum. It was they who removed the case to federal court.
 
 
 38
 Germano protects the right of state defendants to keep constitutional challenges to state statutes in state courts. The state, however, may waive that right. When state officials affirmatively seek federal adjudication, abstention is inappropriate.
 
 V
 
 39
 The district court's order in the Ryan case denying the motion to refer the case to the chief judge of this court for the convening of a three-judge court pursuant to 28 U.S.C. § 2284(a) is reversed. The district court's order remanding the Otto case to the Circuit Court of Cook County is reversed and the court is directed to refer the case to the chief judge of this court for the convening of a three-judge court pursuant to 28 U.S.C. § 2284(a). Costs in both cases are awarded to appellants. Our mandate shall issue forthwith.
 
 
 
 [1]
 Under the Constitution of the United States, Article I, Section 2; the Fourteenth Amendments, Sections 1 and 2; and the Fifteenth Amendment
 
 
 [2]
 28 U.S.C. § 1447(c) reads, in pertinent part:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, ...
 
 
 [3]
 The district court specifically stated, "There is no doubt that this court could have had original jurisdiction over this controversy." Memorandum Opinion and Order, August 18, 1981 at 3
 
 
 [4]
 28 U.S.C. § 2284(a) reads:
 A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.
 
 
 [5]
 Otto's contentions that the Attorney General was not authorized to remove the case to federal court and that some named defendants failed to join in the petition are without merit. (See pp. 1133-1134 supra.)