600 F.Supp. 390 (1984)
Robert J. ADAMS, Jr., Lawrence William Korrub, Tom O'Connell Holstein and Robert E. McKenzie, Plaintiffs,
v.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, and Carl H. Rolewick, its Administrator, Defendants.
Irwin ZALUTSKY and Ronald Pinsky, Individually and as a Professional Corporation, Plaintiffs,
v.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, and Carl H. Rolewick, its Administrator, Defendants.
Melvin James KAPLAN, Plaintiff,
v.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, and Carl H. Rolewick, its Administrator, Defendants.
ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION and Carl H. Rolewick, Administrator, Petitioners,
v.
Robert J. ADAMS, Jr., Lawrence William Korrub, Tom O'Connell Holstein and Robert E. McKenzie, Respondents.
Nos. 84 C 3548, 84 C 4771, 84 C 5179 and 84 C 5711.
United States District Court, N.D. Illinois, E.D.
December 4, 1984.
*391 Richard W. Cosby, Dozoryst, Cosby & Brustein, Harvey Sussman, Sussman & Hertzberg, Chicago, Ill., for plaintiffs.
John C. O'Malley, Theresa M. Gronkiewicz, Atty. Registration & Disciplinary Com'n, Chicago, Ill., for defendants.

MEMORANDUM AND ORDER
MORAN, District Judge.

I. Background

This is an action challenging the constitutionality of an Illinois rule of professional responsibility governing the initiation of contact between an attorney and a potential client. The rule allows initiation of contact by attorneys through
written communication distributed generally to persons not known in a specific matter to require such legal services as the lawyer offers to provide but who in general might find such services to be useful....
Illinois Disciplinary Rule 2-103(b)(2) (1984). This rule became effective on May 1, 1984. Plaintiffs are attorneys who participate in direct mail advertising to individuals whom plaintiffs believe may be in need of a lawyer's *392 services. The names of the individuals are taken from certain published lists. Plaintiffs filed suit on April 25, 1984 against the administrator and members of the Attorney Registration Disciplinary Commission of the Supreme Court of Illinois, seeking a declaration that the rule is unconstitutional and an injunction against enforcement of the rule.[1]
On April 26, 1984, this court in effect granted plaintiff's emergency motion for a temporary restraining order. Without any comment on the merits of the action, the court allowed enforcement of the old, but not the new, rule against the named plaintiffs, consistent with whatever the Commission policy was prior to the filing of the instant action.[2] On May 9, 1984, this court heard arguments on plaintiff's preliminary injunction motion. The court again refused to rule on the merits of the action, noting that this was an area of special interest to the State, that principles of comity and federalism counseled against a coercive order by a federal court in this area, and that federal intervention in this area should only be considered after state court adjudication of the issue. The Commission agreed to refrain from relying upon the new rule to seek sanctions against the plaintiffs, for the time being, and no coercive order was entered. It also agreed to report the proceedings to the Illinois Supreme Court Committee on Professional Responsibility for its consideration. On June 8, 1984, counsel for defendant reported that the Committee had refused to consider any recommended changes in the new rule, and the Commission therefore sought additional time to file a declaratory action before the Illinois Supreme Court. The agreed abstention on enforcing the new rule was maintained and the case was held over until the Supreme Court decided whether or not to take the action. On June 25, 1984, the Supreme Court of Illinois allowed petitioner's motion for an original declaratory action in that court pursuant to Supreme Court Rule 381. Ill.Rev.Stat. ch. 110A, § 381. Plaintiffs, respondents in the declaratory action, filed a petition for removal pursuant to 28 U.S.C. § 1441. Presently before the court is defendants' motion to remand the state court proceedings and to dismiss or stay the federal proceedings.

II. Remand

Defendant seeks remand of the Supreme Court declaratory action removed to this court. Generally an action is removable only if the action is within a district court's original jurisdiction. See 28 U.S.C. § 1441. See also People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 574 (7th Cir.), cert. denied, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); Olsen v. Olsen, 580 F.Supp. 1569, 1572 (N.D.Ind.1984). Defendant argues that the declaratory action was not originally within this court's jurisdiction. It claims the constitutional issues raised could only have been interposed as a defense and removal was therefore improper. See People of the State of Illinois v. General Electric Co., 683 F.2d 206, 208 (7th Cir. 1982), cert. denied, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).
Before turning to a discussion of that contention, it may be helpful to review further the present posture of the controversy. When the suit was first brought here the new rule was about to become effective. There is no real dispute that the past practices of the plaintiffs would violate the new rule, and that they had every intention of continuing those practices but for the new rule. The Commission is obligated to enforce the new rule, and it has *393 evidenced every intention of doing so if it can. There was an actual case or controversy; there was no present violation and, accordingly, no basis for disciplinary action under the new rule (and whatever the plaintiffs have since done is pursuant to the agreed protection of an agreement not to seek sanctions under the new rule for their practices in the interim).
This Court invited the Commission to invite the Committee to reconsider the matter, thus providing a means by which the Illinois Supreme Court could have the subject matter, the new rule, before it for further review. While that procedure did not neatly fit into any jurisdictional pigeonhole, it did accord with the notion that important state interests are implicated and that comity considerations should cause a federal court to proceed hesitantly. See Middlesex Ethics Commission v. Garden State Bar Association, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The Commission accepted that invitation; the Committee did not. The Commission then did the only thing it could do: bring an action in the Illinois Supreme Court which was the converse of plaintiffs' coercive action here and which, indeed, was what one would expect to be filed as a counterclaim here.
The Commission's declaratory action seeks a ruling that the promulgation of Rule 2-103(b)(2) "is an appropriate exercise of the judicial power of the State of Illinois and a constitutional regulation of commercial speech by attorneys." On its face, that action raises significant constitutional questions. That is its purpose. "Whether a state action for a declaratory judgment is removable to federal court is determined by reference to the character of the threatened action. If it is inevitably federal in nature, then federal jurisdiction exists." Hunter Douglas, Inc. v. Sheet Metal Workers International Association, Local 159, 714 F.2d 342, 345 (4th Cir.1983). See Arden-Mayfair, Inc. v. Louart Corp., 434 F.Supp. 580, 582-84 (D.Del.1977); 10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure, § 2766 at 745 (2d ed. 1983).
In People of the State of Illinois v. General Electric Co., supra, the federal action sought declaratory relief and the subsequent state action sought coercive relief. The Court concluded that the removal of the second action was improvident since it rested upon state law, with the constitutional questions arising only by way of defense. The state action here does not, however, seek enforcement of the new rule; it seeks an affirmative declaration of constitutionality. Perhaps it was so framed because a claim for prospective relief, avoiding as it does the administrative procedures mandated by Supreme Court Rules 751-773, and raising factual questions respecting precisely what plaintiffs intend to do, is beyond the ambit of Rule 381. In any event, it is the constitutional issues that are the core of the Commission's action, and the action is, therefore, removable.
Remand of a suit after removal to federal court is controlled by 28 U.S.C. § 1447(c). See Cook v. Weber, 698 F.2d 907, 909 (7th Cir.1983). That statute allows remand if "the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). Discretionary reasons for remand not authorized by the statute are not a proper basis for remand. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 342-45, 96 S.Ct. 584, 588-90, 46 L.Ed.2d 542 (1976). The court has already stated that a proper jurisdictional basis existed and that all non-jurisdictional requirements for removal have apparently been satisfied. See Ryan v. State Board of Elections of the State of Illinois, 661 F.2d 1130, 1133 (7th Cir.1982). A discretionary exercise of the doctrine of abstention is not a proper basis for remand. Id. at 1134. Remand cannot, therefore, be ordered.

III. Abstention

Because this court is unable to remand that declaratory action to state court, abstention is not appropriate. There is no state proceeding towards which this court can show deference. It might be argued, *394 however, that this court could conceivably stay this action further to allow defendant to bring a state action seeking prospective relief against plaintiffs based upon Rule 2-103(b)(2). Such an action would be based on state law, with federal claims interposed as defenses only, and thus would not be removable. The court then might be able to abstain in deference to that state action. Even if such a proceeding existed, however, abstention would not be an appropriate basis for this court to ignore the "virtually unflagging obligation of the federal court to exercise the jurisdiction given them." See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).
The reasons abstention is attractive are clear. The Supreme Court has emphasized the importance of state interests in regulating the bar.
The [state] has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extension control over the professional conduct of attorneys.
Middlesex Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 434, 102 S.Ct. 2515, 2522-23, 73 L.Ed.2d 116 (1982). The regulation of attorneys is essential to the primary governmental function of administering justice and at the core of the state's power to protect the public. Bates v. State Bar of Arizona, 433 U.S. 350, 361-62, 97 S.Ct. 2691, 2697-98, 53 L.Ed.2d 810 (1977). The notion of comity, that is, "a proper respect for state functions, a recognition of the fact that the entire country is made of a Union of separate state governments, and a continuance of a belief that the National Government will fare best if States and their institutions are left free to perform their separate functions in their separate ways," Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971), counsels a federal court against interfering in a state's regulation of its bar. This is especially so when, as here, the state judiciary has had no opportunity in an adversary proceeding to rule on plaintiff's constitutional claims. The issue before the court is precisely the type of issue at which the state courts should get a first shot.
Abstention, however, is a narrow exception to the duty of a federal court to adjudicate a controversy before it and is justified only in exceptional circumstances. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959). The Supreme Court has recognized three types of abstention, based on deference to state interests. See Ryan v. State Board of Elections of the State of Illinois, 661 F.2d at 1135. Abstaining in this case would fit none of the recognized types of abstention.

A. Younger

Plaintiffs claim that the type of abstention in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is appropriate in this case.[3]Younger abstention was recently applied to state bar disciplinary hearings in Middlesex Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1981). It must be noted, however, that the proceeding in Middlesex followed an alleged violation of disciplinary rules. In fact, the Supreme Court has only applied Younger in cases where a state enforcement proceeding followed an alleged violation *395 of a state statute or rule, even if only in civil proceedings. See e.g., Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (enforcement of nuisance statute after alleged violation); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (judicial contempt proceeding after alleged violation); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil suit seeking return of money fraudulently obtained).
The Seventh Circuit has explicitly required some sort of violation and the existence of subsequent enforcement proceedings for a Younger abstention to be allowed. In People of the State of Illinois v. General Electric Co., 683 F.2d 206 (7th Cir.1982), cert. denied, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed. 282 (1983), the Seventh Circuit held that Younger does not require abstention where there has been no violation of state law. In that case the federal plaintiff brought a declaratory action alleging that a certain state law was unconstitutional. The federal defendant, the state, subsequently filed an action in state court seeking an injunction against the federal plaintiffs predicated upon the statute. The Seventh Circuit held that removal of the state action was improper. The court then refused to apply the Younger doctrine to the federal case.
[T]he federal plaintiffs in the present case did not violate state law, so the state could not have brought a penalty action against them. The state's interest in maintaining law and order through enforcement of its penal statutes was not impaired by the federal lawsuit and the principle of the Younger case is therefore inapplicable.
Id. at 212. In Ciotti v. Cook County, 712 F.2d 312 (7th Cir.1983), the court clarified the General Electric gloss on Younger. It stated that for a federal plaintiff to be assured a federal forum, the plaintiff must (1) satisfy the jurisdictional requirements; (2) bring the action before violating the law; and (3) "either refrain from violating the statute during the pendency of the federal action or obtain an injunction against state enforcement of the statute." Id. at 314.
The court in General Electric was specifically concerned with the situation that would occur here if the court allowed an action for prospective relief to form the basis for a Younger abstention.
[T]he state argues, as an alternative ground for dismissal of the federal suit, that the district court, even if it had jurisdiction, should have abstained from exercising it and forced the companies to litigate exclusively in the state courts. There must be something wrong with this argument, because if it were accepted it would prevent people from ever challenging the constitutionality of state legislation in federal court. Every time someone brought a suit to have a state law declared unconstitutional the state would immediately file an action in state court to enjoin violation of the statute and then move the federal district court to stay or dismiss the federal suit, thereby forcing the federal plaintiff to litigate his federal claims by way of defense in the state court action.
683 F.2d at 212-13. In the present case plaintiffs chose to litigate their constitutional claims in the federal court. They had not, at the time of filing, violated the disciplinary rule and, after the hearing on April 26, 1984, enforcement of the rule against them was deferred. In this circuit at least, the state cannot now bring an enforcement action that would require this court to abstain.

B. Pullman

The plaintiffs concede that the abstention doctrine created in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), might be appropriate, but that concession is not warranted. Pullman abstention is appropriate "`in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law.'" Colorado River, supra, 424 U.S. at 814, 96 S.Ct. at 1244, quoting County of Allegheny v. Frank Mashuda Co., supra, *396 360 U.S. at 189, 79 S.Ct. at 1063. Where the state law is not uncertain, however, Pullman does not apply. See Babbitt v. Farm Workers, 442 U.S. 289, 306, 99 S.Ct. 2301, 2312-13, 60 L.Ed.2d 895 (1979); Ryan v. State Board of Elections, 661 F.2d at 1136. In the present case there is no issue of state law which could moot this question. The meaning of the regulation is clear. No question concerning state law has been raised. Pullman abstention does not apply.

C. Burford

In Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the Supreme Court created a third type of abstention. There the court held that the district court should have abstained on a difficult issue of state regulation because of the complexity of the state law issue, the expertise of the state court, the predominance of local issues, and the need for coherent state doctrine in the area. Such an abstention is appropriate where the importance of the issues of state law transcend the result in the individual case. See Colorado River, supra, 424 U.S. at 814, 96 S.Ct. at 1244. These cases involve administrative regulation of areas of state interest, such as oil exploration, see Burford, supra, state eminent domain, see Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), and railroad passenger service, see Alabama Public Service Commission v. Southern Railway, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). These cases involve interpretation of state law and in these cases the courts fear that federal intervention would disrupt state efforts to create coherent policy with regard to matters of substantial state interest. See generally Ryan, supra, at 1135. In the present case, though the subject is of acute state interest, there is no complex system of state regulation of which state courts have superior knowledge and ability, and there is no difficult issue of state law. Construction of the challenged statute is unquestioned. Interference with a complex series of state regulations is not sought. Burford does not counsel abstention from this issue.

Conclusion
The present case came to the court at such a time and in such a posture that abstention in deference to a different state law suit is neither required or allowed. The declaratory action was properly removed to this court and remand of that action cannot be allowed. Again, this federal court is not comfortable acting as the court of first resort in determining the constitutionality of disciplinary rules vital to regulation of an essential state interest. Plaintiffs, however, chose the federal forum to decide their federal constitutional claims and did so prior to any violation. They properly sought and obtained relief from enforcement of the new rule. They are raising an issue that is free of difficult questions, in fact any questions, of state law and which does not impact greatly on a complicated area of state regulation. This court delayed the action to give the Committee an opportunity to review the rule; it chose not to do so. Plaintiffs deserve a ruling on the merits. Accordingly, the court is now prepared to rule on plaintiffs' present motion for preliminary injunction.
NOTES
[1] Plaintiffs later amended their complaint to drop the individual members of the Commission.
[2] The court stated:

I don't want to narrowly restrict the provisions on a TRO because it seems to me that that is going to open up other possibilities not related to your people that is not intended.
I am prepared to say  I am really groping for a practical way to do it  during the temporary time in which this question gets resolved and I do think it is a substantial question that the named plaintiffs can go ahead and do what they were doing before under the old rule without being charged with anything, but not beyond that.
[3] This discussion assumes that Younger abstention would be allowed despite the lateness of the subsequent action. In Hicks v. Miranda, 422 U.S. 332, 349, 95 S.Ct. 2281, 2291-92, 45 L.Ed.2d 223 (1975), the Court held that where state proceedings are begun after federal proceedings, Younger abstention could be appropriate if the state action is filed "before any proceedings of substance on the merits have taken place in the federal court." This court granted a temporary restraining order but made no ruling on the merits. The Supreme Court has not been clear on whether, for Hicks purposes, it considered a temporary restraining order a proceeding of substance. See Hawaii Housing Authority v. Midkiff, ___ U.S. ___, 104 S.Ct. 2321, 2328, 81 L.Ed.2d 186 (1984). Because the court finds that Younger abstention is inappropriate regardless, it need not reach this issue.